CAMPBELL *vs.* THE METROPOLITAN STREET RAILROAD CO. *

1. The construction and operation of a horse railway in the public streets of a city, by the authority of the legislature and the consent of the city government, whether it be a new burden upon the streets or not, does not entitle a private individual to compensation therefor, unless the construction or operation of such railway works special damage to his property. If special damage is caused to property along the line of such railway by its construction or operation, the owner of the property is entitled to recover the amount of the damages which his property has actually sustained.

(*a*) Under the present constitution, whether the property is taken or not, if it is damaged by the construction or operation of improvements made for the use of the public, its owner can recover whatever damage it has actually sustained.

2. Any evidence that will tend to show damage to the property

---

* Reargued at the present term by order of the court.

would be admissible. If noise, smoke, dust, cinders or things of that sort be shown to have damaged the property, they should be considered in arriving at the amount of the recovery, but if they amount merely to inconvenience or discomfort to its occupants, they are not an element of damages, and should not be so considered.

3. If the railroad company had permission from the legislature and the city council, it could lay its track in the street wherever, in its opinion, it was for its interest to lay it; but if laying it near the sidewalk should cause special damage to abutting property, the company would be liable to the owner thereof for such damage. For the plaintiff to recover, the damage must be to his property, and not merely inconvenience or annoyance to himself.

July 22, 1889.

Street-railroads. Damages. Constitutional law. Eminent domain. Evidence. Pleadings. Before Judge VAN EPPS. City court of Atlanta. March adjourned term, 1888.

Reported in the decision.

FRANK A. ARNOLD and GEORGE T. FRY, for plaintiff

HAYGOOD & DOUGLAS and E. W. MARTIN, for defendant.

SIMMONS, Justice.

Campbell brought his action for damages against the defendant, in the city court of Atlanta, and alleged in his declaration, in substance, that he was the owner of a certain house and lot on Frazier street, in the city of Atlanta, which house had been occupied by him for five years past as a residence; that the defendant, within the present year, had constructed and was operating a street railroad on said street; that the western rail of the track of said railroad was laid within thirteen inches of the curbstone on the petitioner's side of the street, and in front of his lot; that the location of

said railroad so near the curbstone and sidewalk in front
of the petitioner's property, had totally destroyed the
comfortable and safe occupancy of said property as a
family residence; that the cars on this road are drawn by
animal power, and begin running daily at six o'clock
A. M., and continue to run until ten o'clock P. M.; that the
cars pass the house going to and from the city every
five minutes between the hours aforesaid, and often as
many as four, five or six cars follow in trains, one im-
mediately after the other. This unceasing passage of
cars so near the entire front of the petitioner's property,
effectually cuts off all safe entrance to or exit from the
front of said property to any kind of vehicle. Before
the locating of said track, the petitioner could always
have his family supplies delivered in wagons in front of
his door, or through the front of his lot in his premises,
but since said track was located, he has been at great
inconvenience and great danger to life and limb to him-
self, his wife, children and servants, and has been com-
pelled to have all such articles delivered on the oppo-
site side of the street, and has been compelled to cross
said street and receive from the delivery wagons the ar-
ticles aforesaid. For the same reasons, he cannot safely
stop a buggy or carriage at the curbstone in front of
his house for the purpose of receiving or discharging
the members of his family or his friends, but is com-
pelled to stop such vehicles on the opposite side where
they must cross the railroad track to enter or leave his
premises, and thus expose them to the danger of being
run over by said cars, and to the heat, cold or rain. The
petitioner further alleges that to each street-car there
are attached two horses or mules, with bells suspended
from their harness, which are constantly ringing; that
this, together with the clatter of the animals' feet on
the stone pavement between the rails, and the clatter and

rattle of the car-wheels, creates such noise and confusion as to take from him and his family every pleasure and comfort of their home, and that there is no rest or sleep for either the sick or well members of his family between the hours aforesaid. . He further shows that the rush of all these cars and animals passing his door often produces a blinding cloud of dust, greatly to the discomfort of his family, and that the dust and dirt settles upon the floor, walls, windows and doors outside and inside of his house, and upon the carpets, curtains, beds and clothing of his family, greatly to his and their annoyance and discomfort and his injury and damage; that all of said discomforts, annoyances, injuries and damages to health and property, and dangers to life and limb, are actually in existence, and are tangible, real and permanent in their character, and are occasioned solely by the defendant's having constructed said railroad in the manner and at the place it did, and the operating of said road as herein set forth.

The defendant demurred to this declaration; whereupon the plaintiff amended as follows:

" The plaintiff amends his petition and says: (1) That the street on which said street-car line is located is a very narrow street, not more than nineteen feet between the curbstones on the sidewalk, and was unsuited to the purpose for which the defendants have appropriated it. (2) The defendants moved their street-car track from a broader street only one block away to its present location. (3) When the defendants were preparing to lay down their track on said street, the plaintiff protested against the track being laid down so near his prem ises; whereupon the president of said defendant company ordered the track to be laid as close as it could be laid to plaintiff's property, in order that the plaintiff might be taught that he was not the boss in that case. (4) Plaintiff shows that his property is damaged in the sum of two thousand dollars, by reason of the laying down and operating of said street railway in the manner specified in the original declaration, and that this injury is special to the plaintiff, the public at large not participating in said injury. (5) That in bringing their cars into the center of the city, the defendants often double their teams in front of Campbell's property, the same being on an up-grade, and often

drive ther horses and mules under the lash, causing the animals and mules to plunge, rear, pitch and jump upon the sidewalk along and in front of plaintiff's property and house, greatly to the annoyance and disturbance of plaintiff and his family."

The defendant demurred specially to this amendment, on the grounds that the amendment set up a new cause of action, and that it set out no ground for recovery in law ; and demurred to the declaration as amended, as not sufficient in law. The court sustained the special demurrers to the 3d and 5th amendments, and overruled the special demurrers as to the 1st, 2d and 4th amendments, and then sustained the general demurrer to the declaration as amended; to which ruling the plaintiff excepted, and assigned error thereon.

1. The main point argued before us in this case was, whether the plaintiff, under the facts alleged in his declaration, had a right to recover damages from the defendant. It was insisted by counsel for the defendant in error that he could not recover damages, because the legislature had granted a charter to the defendant, which charter authorized the defendant to construct and operate a street-railroad, by and with the consent of the mayor and council, in and upon any of the streets in said city, and because the constructing and operating of a street-railroad, the cars of the said railroad being drawn by horses, was not a new use or burden upon the streets of said city; that having the legislative permission, and being no new use or burden, although the plaintiff's property may have been damaged by the construction and operation of said railroad, he could not recover.

We cannot agree with counsel for the defendant in error in this view of the law as it now stands. Their construction of the law would have been correct before the adoption of the new constitution in 1877. That constitution prescribed a new rule on this subject. The rule under the old constitution was, that private property

should not be "taken" for public use, without just compensation. The new rule under the present constitution is, that private property shall not be "taken or damaged."

Under the old rule, unless the property was taken, the individual could not recover, however much the property may have been damaged. Under the new rule, whether the property is taken or not, if it has been damaged by reason of the construction or operation of any improvements made for the use of the public, the owner can recover whatever damage the property has actually sustained. So we think it does not matter whether the construction and operation of the street-railroad is a new use or burden on the street or not; if, by reason of such construction or operation, the private property of an individual is damaged, he is entitled to recover therefor. Before the adoption of this rule, municipal corporations could change the grade of the streets, and thereby damage the property of individuals, and they had no recourse; but since the adoption of the new rule, this court has decided that if a municipal corporation changes the grade of the street so as to damage the property of an individual, he has a right to recover. *Green vs. Atlanta*, 67 *Ga.* 386. And this has been held by the courts of other States which have a similar constitutional provision on this subject. · If these decisions are correct (and we have no doubt of it), we do not see why an individual who has been damaged by reason of improvements put on the street in the shape of a street-railroad, cannot recover therefor, as well as an individual who has been damaged by improvements being made in the grade of the street.

· After much reflection and a review of all the authorities we can find upon the subject, we think the following propositions will be found to be the true law of the

case in this State, under the new rule above alluded to: The construction and operation of a horse railway in the public streets of a city, by the authority of the legislature and the consent of the city government, whether it be or not a new burden imposed upon the streets, does not entitle a private individual to compensation therefor, unless the construction or operation of such railway works special damage to his property. If special damage is caused to property along the line of such railway by the construction or operation thereof, in our opinion the owner of the property is entitled to recover the amount of the damages which his property has actually sustained. Applying this rule to the case at bar, we find that the declaration asserts, in substance, that the plaintiff, by reason of the construction and operation of this railroad, was virtually deprived of ingress and egress to and from his property, and that his property, for the reason aforesaid, was damaged to the extent of $2,000. If these allegations are true (and the demurrer admits them to be true for the purposes of this case), we do not see why the plaintiff would not be entitled to recover.

The Supreme Court of Ohio, in the case of Street Railway *vs.* Cumminsville, 14 Ohio St. 523, in discussing this subject, uses the following language : " There exists in the owners of adjoining lots a private right to have free access to their lands and buildings from the street, as the same was and would have continued to be according to the mode of its original use and appropriation by the public, and there can be no change of such mode and adaptation of the street to new vehicles and methods of carriage and transportation which shall materially impair or destroy such right, unless by the consent of the owners, or upon the payment of due compensation to them." The Supreme Court of Wis-

consin, in the case of Hobart *vs.* The Milwaukee City Railroad Co., 27 Wis. 200, after copying the above extract, approves it as follows: "It is a doctrine which imposes no unreasonable restriction upon the rights of the public in the use of its streets and highways, and which at the same time affords that protection to private or individual rights which the spirit and principles of our constitution and form of government require. It is possible, as has been suggested, that it may sometimes prove embarrassing in practice to determine when and to what extent the private rights of adjoining owners have been infringed, but such embarrassments are inseparable from the consideration and determination of all similar questions. The difficulties in the way of ascertaining and determining them, by no means disprove their existence or show that they ought not to be recognized and enforced." We quote these extracts with approval, and think they are even more applicable in this State than in those States, because the new rule as to damage to private property is not expressly embraced in the constitutions of those States.

2. We think any evidence would be admissible that would tend to show damage to the property. If noise, smoke, dust, cinders or things of that sort could be shown to have damaged the property itself, then they should be considered by the jury in arriving at the amount of the recovery; if, however, they amount simply to an inconvenience or discomfort to the occupants of the property, they would not be an element of damages, and should not be considered by the jury.

3. There was no error in sustaining the special demurrer to the third and fifth grounds of the amendment to the declaration. The third ground alleges, in substance, that the plaintiff protested against the track

being laid too near his premises, and that the defendant ordered the track to be laid as close as could be to this property. We think that if the railroad company had permission from the legislature and the city council, it could lay its track in the street wherever, in its opinion, it was for the best interest of the company to lay it; at the same time, if laying it near the sidewalk of one of the abutting owners should cause special damage to his property, the company would be liable for the damage.

The fifth amendment alleges that the defendant often doubled its teams in front of the plaintiff's property, and the street being an up-grade, often drove its horses and mules under the lash, causing them to rear, plunge, pitch and jump upon the sidewalk in front of the plaintiff's property, greatly to the annoyance and disturbance of himself and his family. There was no error in sustaining the special demurrer to this amendment It does not allege that this damaged the property, but simply alleges that it was an annoyance to the occupants of the property; and as before said, this is not an element of damage to the owner of the property. For the plaintiff to recover, the damage must be to the property, and not merely an inconvenience or annoyance to himself. If the matters complained of in this amendment damaged the property, the jury might consider them; if they simply annoyed or inconvenienced the persons occupying the property, they should not be considered in estimating the damages to the property.

Judgment reversed.