### MAYOR AND COUNCIL OF GAINESVILLE *v.* JAUDON.

1. The action was against a city for a breach of contract to employ a civil engineer, whose compensation for the work contracted to be performed was a stated sum and five per centum of the net cost of certain work. The defendant denied liability, and, among other defenses, pleaded that the city had been damaged by the plaintiff's negligent performance of a prior and independent contract. The case was referred

to an auditor. *Held:* (1) As one item of the plaintiff's damage depended on the ascertainment of the net cost of a certain work, an accounting was necessary, and the reference of the case to an auditor was authorized. (2) The subject-matter of the plea of set-off arose ex delicto and was allowable only in equity; and the allegations were sufficient to present a case of an equitable set-off against an action for breach of contract, so as to bring it within the provision of the Civil Code (1910), § 5127, as to reference of equitable causes to an auditor.

2. There was no error in refusing to recommit the case to the auditor.

3. In an equity cause exceptions of fact to an auditor's report are to be submitted to the jury only when approved by the court. Where the evidence, though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact.

4. Where it is shown that a municipal resolution containing a contract for the employment of a civil engineer is entered on the minutes of the council, and its terms are accepted by the contractor, expressly or by actual performance of a part of the contract on the faith of it, the municipality will not be allowed to impeach its minutes by showing that the contract of employment was otherwise than as therein expressed, when the auditor found that no part of the contract was omitted from the minutes.

5. "If exception be taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of."

6. There was no substantial error in any of the rulings of law by the auditor to which exceptions were taken; and the findings of fact by the auditor are supported by the evidence.

JUNE 14, 1916.

Exceptions to auditor's report. Before Judge Jones. Hall superior court. January term, 1915.

H. S. Jaudon brought an action against the Mayor and Council of the City of Gainesville. The petition contained two counts. The first count claimed damages for a breach of contract; and the second was upon a quantum meruit, which was abandoned during the trial. In the petition it was alleged, that on February 17, 1910, the defendant, being about to improve its water-plant or system for supplying the City of Gainesville with water by establishing additional water-supply, reservoirs, pumps, and to extend the sewer system of the city and mains, made a contract with him to do the engineering work and superintend the construction of the contemplated improvements, and to pay him for the same the sum of $3,250 for such services in connection with the water-plant and extension of the water-mains, and five per cent. on the net cost of all the sewer work for his services done in connection with extending the sewer system; that the plaintiff, at the request of the de-

fendant and in performanec of his contract, incurred heavy expenditures in examining the ground and locality of the proposed improvements, making surveys, drawing plans, making estimates, and employing assistance incidental to the work, devoting his time and professional skill in making and having made under his direction and supervision surveys of the several water supplies possible, estimating cost and deciding on the best source of supply, making maps and measurements of pipe lines, and accumulating the necessary data for specifications for letting out bids on the work; that the system of waterworks and sources of supply and plans devised by petitioner have been substantially adopted, and are being carried out by the defendant; that after the plaintiff had incurred these expenses and devoted his time in the preparation of the plans, the defendant repudiated its contract with him, declined to allow him to complete it, and employed others to do or finish the work it had contracted he should perform, although he offered to complete the work, and was ready and willing and able to do so; that the defendant, at the time the contract was entered into, represented that it would expend on the waterworks plant and main the sum of $40,000, and on the extension of the sewer system the sum of at least $12,500, which the defendant is now expending for these purposes; that had it allowed the plaintiff to complete his work, and had it not broken its contract with him, he would have received the sum of $3,250 on the water-plant and water-mains, and the sum of $625 on the extension of sewers; and that the only expense and work to be further incurred by him would have reduced his compensation from the contract not more than $1,000. Wherefore he prayed judgment in the sum of $2,875. The defendant denied substantially the allegations of the petition, and pleaded the following: The plaintiff desired to do certain work for the defendant in the way of making surveys, plans, estimates of installing the water system, and extension of the sewer system, which work was to be done by the defendant with money derived from the sale of bonds. At the time of the negotiations between plaintiff and defendant no bonds had been issued; it was understood and expressly stated to plaintiff that if bonds did not carry in the election, or if they did not (?) carry on condition that a bond commission should be created to expend the money derived from the sale of the same and make the improvements contemplated by

the city, all negotiations with the plaintiff would amount to naught, and there should be nothing binding as to either party. The defendant expressly stated to plaintiff that if the bond commission was created the commission would take charge of all improvements, and in that event the plaintiff would appear before the commission just as any other civil engineer. An election for bonds was had, and bonds carried with the general understanding that the commission should expend the money in making the contemplated improvements. The plaintiff stated to the defendant, before the bond election, that if the citizens demanded a bond commission, and the granting of this was necessary to carry bonds, his contemplated contract with the mayor and council would not be in the way, and that if a commission was created this conditional contract with the defendant was to be void; and all the work the plaintiff did was under these conditions. A bond commission was created, who have taken the entire matter out of the hands of the mayor and council; and by agreement between the plaintiff and defendant, previously made, the conditional contract was annuled, and the defendant is not indebted to the plaintiff in any amount whatsoever. The defendant further pleaded, as a set-off, damages as a consequence of the plaintiff's failure of duty in performing a previous contract with the city in reference to paving the public square.

The case was referred to an auditor, over the defendant's objection. The auditor made his report, and the defendant moved to recommit the same, which motion was overruled. The defendant then filed exceptions of law and fact, some of which were sustained and others overruled, and the auditor's report as modified was made the judgment of the court.

*C. N. Davie,* for plaintiff in error.

*W. A. Charters* and *H. H. Perry,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. Exception is taken to the reference of the case to an auditor. The action was ex contractu for the breach of a contract, and an item of damages depended upon the ascertainment of the amount claimed on the sewerage system, fixed in the contract at five per cent. of the net cost of construction. This required an examination into the cost of construction of that improvement. The statute provides that in all cases in the superior court involving

matters of account the judge may appoint an auditor to investigate such matters of account and report the result to the court. Civil Code (1910), § 5138. The discretion of the judge in referring a case to an auditor will not be interfered with, unless abused. *Martin* v. *Foley*, 82 *Ga.* 552 (9 S. E. 532) ; *Teasley* v. *Bradley*, 120 *Ga.* 373 (47 S. E. 925).

There is another reason why the order of reference will not be held improper in this case. To the plaintiff's action the defendant filed a plea of set-off. In this plea it was alleged, that in March, 1909, the defendant entered into a contract with the plaintiff, whereby the latter was to prepare plans and specifications for and to superintend the construction of certain paving in the City of Gainesville; that the plaintiff represented to the defendant that he was a skilled engineer, and had experience, and possessed valuable professional knowledge in that kind of construction work; that under these representations he was employed to do the work, the defendant relying upon his skill and ability to have the improvement done in a skillful and satisfactory manner; that the plaintiff employed an engineer who made his surveys in an unskillful manner, and upon the plaintiff's attention being called to the engineer's defective work the defendant was informed by the plaintiff that the complaints were unfounded; that the plaintiff allowed the contractor employed by the city to do his work in an unworkmanlike manner and to use inferior material; and that the plaintiff with full knowledge of these facts permitted him to do the work in this manner and consented thereto. After pointing out the defects in the paving, it was averred that the plaintiff had injured and damaged the defendant, by failure to comply with his contract, in the sum of $1,000; and it was prayed that this amount be set off against the plaintiff's demand, and that the defendant have judgment for the same. The plaintiff demurred to the plea of set-off, on the ground that it set forth a tort, which could not be pleaded as a set-off in a suit based upon a contract. The pleadings were in this state when the case was referred to the auditor. The defendant voluntarily amended its plea by alleging that the plaintiff was insolvent and would not be able to respond to the defendant if it were forced to sue in another and different court and obtain a judgment, and that the defendant would be remediless unless allowed to set off its claim for the plaintiff's breach of his con-

tract with the defendant against the plaintiff's alleged claim. Thereupon the auditor ruled that the amendment cured the defect in the original plea. The gist of the plea of set-off was not a failure to perform the contract, but a failure of his duties arising from the contract. The substance of the complaint is that the plaintiff, when his attention was called to the negligent work of the superintendent in making the surveys, permitted it to be done in an unskillful manner; and that, with a knowledge that the contractor employed by the city was imposing upon the municipality inferior work and inferior material, the plaintiff permitted it to be done. The subject-matter of the set-off arose in tort, and the tort was based upon a failure to perform the duties arising out of the contract. *Owens* v. *Nichols,* 139 *Ga.* 475 (77 S. E. 635); *City & Suburban Railway of Savannah* v. *Brauss,* 70 *Ga.* 368; Boorman *v.* Brown, 2 Gale & D. (Q. B.) 793; Flint & Walling Mfg. Co. *v.* Beckett, 167 Ind. 491 (79 N. E. 503, 12 L. R. A. (N. S.) 924). The damages arising from the alleged misfeasance of the plaintiff in the discharge of his duties arising from the paving contract could not be set off against the present cause of action, except in equity. Damages arising ex delicto can not be set off against a cause of action arising ex contractu; but a defendant sued at law upon a cause of action arising ex contractu may in equity set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident. *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177). The original plea did not allege the plaintiff's insolvency; but upon this defect being pointed out by demurrer, it was cured by amendment. The plea then became one of equitable set-off, and its result was to make the cause one in equity. It was not merely a defense to the plaintiff's action, and its purpose was not confined to the defeat of that action. It brought to the court matters outside, and sought the administration of relief, to wit, the allowance of an equitable set-off which could be granted only in the exercise of the equitable powers of the court, the effect of which was to convert the action into an equitable one. *Melson* v. *Dickson,* 63 *Ga.* 682 (36 Am. R. 128); *Austin* v. *Southern Home Ass'n,* 122 *Ga.* 439, 448 (50 S. E. 382). An equitable cause may be referred in whole or in part to an auditor to investigate and report the result to the court. Civil Code (1910), § 5127. And for this reason also we do not think the case was improperly referred to an auditor.

2. A motion was made to recommit the report on the ground of certain alleged inconsistencies, and because the findings of the auditor were not supported by the evidence. We do not agree to the criticisms that there were inconsistencies in the findings of the auditor, or that his findings were without evidence to support them; and we do not think the court erred in refusing the motion to recommit.

3. As has been pointed out, this was an equity cause, and it was not error to refuse to submit to a jury the exceptions of fact disapproved. In an equity cause exceptions of fact to an auditor's report are to be submitted to a jury only when approved by the court. Where the evidence, though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact. *Peyton* v. *McMillan,* ante, 179 (88 S. E. 937).

4. The pivotal question before the auditor was the terms of the plaintiff's contract of employment by the city. The plaintiff personally appeared before the mayor and council in session and made a proposal for the contemplated improvements. After hearing from him the following resolution was passed, and entered on the minutes: "On motion council voted to employ Mr. H. S. Jaudon as engineer to take this work in hand and superintend the same during its construction and until the same is finished—water-plant and extension of water-mains, and to pay him for same the sum of $3,250 and 5 per cent. on the net cost of all sewer work done by him." The auditor found that the plaintiff expressly accepted the employment under the terms of the ordinance, and actually did work in pursuance of the contract therein expressed. The defendant filed a plea to the effect that the resolution as passed by the mayor and council was to be effective only if bonds carried; and that if bonds did not carry, or if the plaintiff did nothing more than the preliminary work, he was to receive the sum of $300 and nothing more for that service. It further pleaded that the resolution was passed with the understanding that these terms were a part of the contract of employment, and that they were omitted from the minutes by accident and inadvertence. As to this plea the auditor reported that it was demurred to orally, but that he reserved his decision to hear the evidence, which he found was insufficient to sustain it. It further appeared that bonds were au-

thorized by popular vote; and a bond commission to expend the proceeds was created by ordinance, and not by legislative action. Various exceptions deal with the rulings of the auditor upon this point. A resolution of a municipality may bind the corporation as a contract when so intended. People *v.* San Francisco, 27 Cal. 665; Wade *v.* Newbern, 77 N. C. 460; 20 Am. & Eng: Enc. Law, 1161; 28 Cyc. 667. The evidence before the auditor authorized a finding that the city's obligation to pay the plaintiff the amount expressed in the resolution was not contingent or conditional, as contended for by the defendant; and that such condition was not omitted from the minutes by fraud, accident, or mistake. The obligation of the city as expressed in the ordinance was to pay the amount therein fixed, and the municipality will not be allowed to impeach its minutes, and impair the obligation which it creates, by showing that the contract of employment was conditional, in the absence of fraud, accident, or mistake.

5. The court sustained exceptions of fact which went to the allowance of $675 for sewer work, and eliminated that from the recovery, and rendered judgment in accordance with the report of the auditor, as thus modified, as follows: "That plaintiff recover of defendant the sum of twenty-two hundred and fifty dollars ($2250.00) principal, and the sum of ($723.33) seven hundred and twenty-three 33/100 dollars interest to this date, aggregating $2973.33, and the sum of ........ cost of court." The auditor did not report any finding of interest, and there is no exception to the judgment of the court as to interest, other than as contained in the general exception to the final decree, that the court "erred in allowing said order and judgment to be rendered, because it was contrary to law and to the evidence." Where exceptions of fact are approved, it is the duty of the court to submit the issue formed by the exceptions to the jury. The plaintiff in error, however, can not complain of the court's eliminating from the finding of the auditor the allowance for sewer work; and there is no complaint on the part of the defendant in error as to the action of the court in this particular. It is argued in the brief that the judgment should be reversed because the interest recovered in the judgment is an incorrect charge. The exception that the judgment was "contrary to law and to the evidence," treated as a specific exception to the final judgment, is insufficient; because the rule is well

settled that if exception is taken to the final judgment as being erroneous in itself, an assignment of error should specifically set forth the error or errors which are complained of. *Lyndon* v. *Georgia Ry. & El. Co.*, 129 *Ga.* 353 (58 S. E. 1047). If the plaintiff in error desired to raise the point that interest was not recoverable, or that the amount allowed by the court was excessive, or that interest was not recoverable eo nomine, it should have plainly specified the grounds upon which it contended the judgment was erroneous in this respect. Having failed to do this, we hold there is no proper assignment of error upon which the propriety of the allowance of interest can be reviewed by this court.

6. Exceptions were taken to the numerous rulings of the auditor on the admissibility of evidence, and as to certain abstract questions of law. There was no substantial error in any of these rulings of which the plaintiff in error complained; and as the finding of the auditor has the approval of the trial court, and upon an inspection there is ample evidence to sustain the judgment as rendered by the court on the auditor's report, the judgment is affirmed.          *Judgment affirmed. All the Justices concur.*