TAYLOR *v.* RICHMOND COUNTY *et al.*

No. 12039:   MARCH 8, 1938.

*Paul T. Chance,* for plaintiff.

*Isaac S. Peebles Jr., William T. Gary, J. M. C. Townsend,* and *W. Glenn Thomas,* for defendants.

ATKINSON, Presiding Justice. The question propounded by the Court of Appeals relates to liability of *a county* for taking and damaging private property, *caused by acts of the State Highway Board;* not to liability of the county for damages caused by its individual wrong. The "taking and damaging" refer to taking and damaging property for public purposes. The language is broader than injury to person or property caused by reason of *defects* in a public bridge, and does not bring the case within the statute embodied in the Code, § 95-1001, which provides that counties "shall be primarily liable for all injuries caused by reason of any defective bridges, whether erected by contractors or county authorities." That statute has no application to the question propounded. The provision of article 1, section 3, paragraph 1, of the constitution (Code of 1933, § 2-301), that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid," is applicable. A county in virtue of being a subdivision of the sovereign State "is not liable to suit for any cause of action unless made so by statute." Code, § 23-1502. For similar reason the State Highway Board is not so liable unless made so by law. *Tounsel* v. *State Highway Department,* 180 *Ga.* 112 (supra). But, construing together the above provisions of the constitution and the Code, a right of action is afforded against a county for damage to private property for public uses or taking private property for public uses. *Smith* v. *Floyd County,* 85 *Ga.* 420 (2) (11 S. E. 850); *Millwood* v. *DeKalb County,* 106 *Ga.* 743, 747 (32 S. E. 577); *State Highway Board* v. *Baxter,* 167 *Ga.* 124 (2) (144 S. E. 796); *Floyd County* v. *Fincher,* 169 *Ga.* 460 (150

S. E. 577); *Hall County* v. *Smith,* 178 *Ga.* 212 (5) (172 S. E. 645); *Felton Farm Co.* v. *Macon County,* 49 *Ga. App.* 239 (supra). Consequently a county is liable to suit at the instance of an individual for damages to his property done by the county for a public purpose.

For like reason the State Highway Board, a subordinate branch of the State's sovereignty with the power of eminent domain (Code, § 95-1724), is also liable for damages resulting to another person for taking or damaging his property for public purposes. This principle was adverted to in *Tounsel* v. *State Highway Department,* 180 *Ga.* 112, 116 (supra), a case under the Code, § 95-1001, for damage resulting from a defective bridge. It has been said substantially that the State Highway Department "co-operating" with the county authorities can build a State-aid road through a town "without its consent and against its will." *Lee County* v. *Smithville,* 154 *Ga.* 550, 560 (supra). So in the case of a State-aid road a county and the State Highway Board are both liable for damaging or taking private property for public uses, whether or not the property taken or damaged was part of a street in a town or city, which had been designated by the State Highway Board as a State-aid road. In section 1 of article 5 of the act of 1919 (Ga. L. 1919, p. 242) it is made the duty of the State Highway Department of Georgia "to designate, improve, supervise, construct and maintain a system of State-aid roads." It is provided "that no road shall become a part of said system until the same shall be so designated by the State Highway Board by written notice to the county road authorities concerned." In provision 5 of section 2 of article 5 of said act it is declared: "That when any portion of the designated State-aid road system is taken under the jurisdiction of the State Highway Department by written notice as prescribed in article 5, section 1, hereof, the county or counties in which said portion is located shall not thereafter be required to levy taxes for the construction or maintenance of said portion, or to use any of its funds or road forces in the construction or maintenance thereof; provided that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this act; and provided that any

county sued shall vouch said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the declaration served on said county, and provided that said notice shall be given said State Highway Department at least ten days prior to the return day on which said suit must be answered; and provided further that said State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which said State Highway Department may be intimately [ultimately?] liable under the terms of the preceding proviso." The act of 1919 above mentioned has several times been amended. It is declared in the Code, § 95-1712: "The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said board." (Acts 1929, pp. 260, 267: Acts 1933, pp. 172, 174.) In the act approved March 26, 1935 (Ga. Laws 1935, pp. 160-161; Code, § 95-1721), it is declared: "When a road is approved as a part of the system of State Highways, the establishment of such road and its construction, including location, surveys, grading, and paving, shall be under the control and supervision of the State Highway Board. All expenses necessary for such construction, including surveys, the location or relocation of such roads, and all other expenses connected with the establishment and construction thereof, except the expense of procuring rights of way, shall be paid by the Board out of funds allocated to the Highway Department. It shall be the duty of county commissioners or other county authorities having control of county roads to assist in procuring the necessary rights of way as cheaply as possible, and all expenses thereof, including the purchase price of any land purchased for a right of way, and all direct and consequential damages awarded in any proceeding brought to condemn any such right of way, shall be paid by the county in which such road is situated out of the county treasury; provided that nothing contained in this act shall prevent the State Highway Board from using State Highway funds for the purpose of purchasing right of way, or to pay the purchase price thereof, or to pay any damages

awarded on account of the location of any such State-aid road, or from assisting the counties in so doing." The State-aid roads provided for by the act of 1919, supra, and its amendments are beneficial to both the county and the State. The benefits to each are substantial and so related as to suggest to the legislative mind the propriety of bringing the county and State Highway Board into a state of co-operation and responsibility of both as to third persons for the acts of either or both. Construing together the original act and the amendments, the liability of the county referred to is primary, and that of the State Highway Board is ultimate. As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both is suit against the county in the local courts for the whole damage, with right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to defend the action and be liable for all damages recovered against the county. This procedure is novel but within the legislative powers of the State, and appropriate for enforcement of the declared liabilities of the respective parties arising out of establishment and maintenance of the State-aid roads, the declared object of the legislation. Applying the foregoing principles, the question propounded by the Court of Appeals is

*Answered in the affirmative. All the Justices concur.*