HARDIN *v.* STATE HIGHWAY BOARD OF GEORGIA.

No. 12157. March 8, 1938.

*Charles Pigue,* for plaintiff.

*J. M. C. Townsend, W. Glenn Thomas,* and *W. W. Armistead,* for defendant.

GRICE, Justice. In view of the facts appearing in .the record, we construe, as counsel in their brief seem to have done, the words "unlawful appropriation," in the question of the Court of Appeals, as the damaging of private property, although the same need not be actually taken. We likewise, for the same reason, construe the word "unlawful" as the equivalent of "without just or adequate compensation being first paid."

In *Taylor* v. *Richmond County,* ante, 610, a ruling handed down since the questions in the instant case were propounded, we dealt with the proposition involving the right of a plaintiff to sue a county for the taking and damaging of private property in the construction of a bridge and approaches thereto, situated on a street of a municipality within such county, which street had been taken over by the State Highway Board as a State-aid road, where it appeared that the county took no part in the construction of said bridge or its approaches, but that the same was done solely by the State Highway Board. In holding that the county was liable, under the statement of facts there involved, we referred to and commented upon certain provisions of the act of 1919, and the act of 1935; and Atkinson, Presiding Justice, speaking for the court said: "Construing together the original act and the amendments, the liability of the county referred to is primary, and that of the State Highway Board is ultimate. As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both is suit against the county in the local courts for the whole damage, with right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to. defend the action and be liable for all damages recovered against the county. This procedure is novel,

but is within the legislative powers of the State and appropriate for enforcement of the declared liabilities of the respective parties arising out of establishment and maintenance of the State-aid roads, the declared object of the legislation."

Since the liability of the county is primary, and that of the State Highway Board is ultimate, there being a provision in the statute whereby the county can vouch the board into court, and it is thereupon made the duty of the board to defend the action and be liable for all damages recovered against the county; and there being no express provision in the law that the State Highway Department can be sued in this class of cases, we will not give to the general words appearing in section 4 of the act of 1925 (Ga. Laws 1925, p. 208), to wit, "That said Highway Department may sue and be sued," such a construction as would authorize the bringing of this kind of a suit against it, in view of the other provisions of the statute. There are certain practical considerations which constrain us to the view that the legislature never intended that in a situation such as here presented, if the land so unlawfully taken or damaged were in a county bordering on the Tennessee line for instance, a plaintiff should have the advantage of choosing his forum in any one of the three counties in which a board member happened to reside, and perchance to bring his suit for damages to property in Dade or Rabun County, in the County of Lanier, the home of the chairman of the board, not far from the Florida line. The members of the General Assembly might well have had in mind that it would be more convenient to all concerned that the situs of litigation of this character should be in the counties where the property is alleged to have been damaged or taken; that the litigants and their witnesses can remain in their home counties, without the expense of traveling a great distance into other sections of the State to a county wherein resides some member of the board. The General Assembly must have considered the advantages of retaining the situs of litigation in the counties where the property is located to be mutual to the State Highway Department, the counties and the property owners alike, and as putting an undue burden on three counties in the way of court expenses if issues could be tried therein which arose in the other counties of the State. Under such a proceeding, the county as a defendant is properly sued in the county of which it is

a resident, in accordance with the constitution and the general law.

The first question propounded by the Court of Appeals is answered in the negative. The second question is not considered, since an answer thereto was requested only in the event the first was answered in the affirmative. *All the Justices concur.*