STATE HIGHWAY BOARD OF GEORGIA *v.* HALL.

No. 14041. APRIL 14, 1942.

*Preston Rawlins* and *John T. Ferguson,* assistant attorneys-general, for plaintiff in error.

*Rosser & Rosser* and *Wright & Willingham,* contra.

JENKINS, Justice. This was a suit by the owner of land lying in Walker County, against the State Highway Board, for damages alleged to have resulted from the invasion of private premises not located on a highway, and taking therefrom quantities of stone, which was used by the defendant in the construction of a State highway lying partly in Walker County and partly in Dade County. The suit was brought in Paulding County, the residence at

that time of one of the members of the Highway Board. The trial court dismissed the petition on demurrer. The Court of Appeals reversed this judgment, and held that the suit was properly instituted against the State Highway Board in a county where one of its members then resided, with the ruling quoted in the headnote of the instant case. *Hall* v. *State Highway Board,* 66 *Ga. App.* 190 (17 S. E. 2d, 291).

We think that the ruling of the Court of Appeals is sound, and that it has properly distinguished the cases of this court, such as *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37), *Hardin* v. *State Highway Board,* 185 *Ga.* 614 (196 S. E. 40), *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42), and might in like manner have distinguished the cases decided by the Court of Appeals, such as *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647), and *Page* v. *Washington County,* 48 *Ga. App.* 791 (173 S. E. 868). In all of those cases the cause of action did in fact "originate on a highway" within the meaning of the language in the Code, § 95-1710. Where the cause thus originates, that is to say, where property is taken or damaged directly or consequentially from the building or grading of a State highway, the method of procedure as outlined by this Code section is not only authorized but exclusive. In the instant case, however, the alleged seizure by the State Highway Board of the plaintiff's property from land that was in no way connected with or affected by the construction of the highway did not "originate on" the State highway, but the gist of the cause of action consisted in the taking of the plaintiff's property for public purposes. Where and for what purpose the property thus independently seized for general public use might have been subsequently used for public purposes is altogether immaterial. Such a seizure gave a right of action under the constitution, since the State Highway Board can not thus appropriate the property of a citizen for public use without just compensation. While the Highway Department controlled by the Highway Board, like a county, constitutes a political subdivision of the State sovereignty, it has, like the counties, been made subject to suit (Code, §§ 95-1505, 23-1501); and while, unlike counties, this liability to suit has not been expressly limited by statute (§ 23-1502), it is nevertheless true that, just as with counties, "the power to sue and to be sued in the case of the

State Highway Department is only for special purposes." *Tounsel* v. *State Highway Department,* 180 *Ga.* 112, 117 (178 S. E. 285). In *Smith* v. *Floyd County,* 85 *Ga.* 420, 424 (11 S. E. 850), and *Millwood* v. *DeKalb County,* 106 *Ga.* 743, 747 (32 S. E. 577), this court, speaking of the delegated but restricted powers of a county to sue and be sued, used this language: "The violation by a county of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit has been afforded by the legislature." The same rule would apply with at least equal force to the State Highway Board; and since the method of procedure as prescribed by § 95-1710 is inapplicable to a case such as this, where the injury does not originate on a highway, but where there has been an independent taking of private property for public use, the injured party is relegated either to the remedy of injunction or mandamus, where such a remedy is appropriate (*Harrison* v. *State Highway Dept.,* 183 *Ga.* 290, 299, 188 S. E. 445; *Tounsel* v. *State Highway Dept.,* supra; *State Highway Dept.* v. *H. G. Hastings Co.,* 187 *Ga.* 204, 206, 199 S. E. 793), or else to an action at law. See generally, on the right to sue a political subdivision which has by statute been made subject to suit: *Lynch* v. *Harris County,* 188 *Ga.* 651 (4 S. E. 2d, 573); *Purser* v. *Dodge County,* 188 *Ga.* 250 (3 S. E. 2d, 574); *Decatur County* v. *Praytor &c. Co.,* 163 *Ga.* 929, 931-934 (137 S. E. 247); *Board of Education of Candler County* v. *Southern Michigan National Bank,* 184 *Ga.* 641 (4), 643 (192 S. E. 382); *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596); *State Highway Dept.* v. *MacDougald Construction Co.,* 54 *Ga. App.* 310 (187 S. E. 734); *Rheberg* v. *Grady County,* 27 *Ga. App.* 578 (109 S. E. 542); *Washington County* v. *Sheppard,* 46 *Ga. App.* 240 (167 S. E. 339); *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (6, 7), 841 (86 S. E. 651). *Judgment affirmed. All the Justices concur, except*

ATKINSON, Presiding Justice, and GRICE, Justice, dissenting. In our opinion the point at issue is not to be determined by a reference alone to the Code, § 95-1710, but by ascertaining from the entire legislation on this subject the legislative intent with reference thereto; and so interpreting it, the trial court was correct in sustaining the demurrer of the State Highway Board. "Construing together the original act and the amendments, the

liability of the county referred to is primary, and that of the State Highway Board is ultimate. As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both is suit against the county in the local courts for the whole damage, with the right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to defend the action and be liable for all damages recovered against the county." *Taylor* v. *Richmond County*, 185 *Ga.* 610, 614 (supra).