38068.   GARDNER *v.* RICHMOND COUNTY.

DECIDED MARCH 9, 1960.

*Isaac S. Peebles, Jr., Jay M. Sawilowsky,* for plaintiff in error.
*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour,*
*Assistant Attorneys-General, Franklin H. Pierce,* contra.

GARDNER, Presiding Judge. Code (Ann.) § 95-1710 reads: "The State Highway Department shall defend all suits and be responsible for all damages awarded in any court of this State against any county under existing laws, whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law. When any suit against a county is brought in any court of this State it shall be the duty of the plaintiff to provide for the service of notice of the pendency of such suit against the county upon the State Highway Department of Georgia by providing for the service of a second original process issued from the court where the suit is filed upon the chairman of the State Highway Board of Georgia, personally, or by leaving a copy of the same in the office of the treasurer of the State Highway Department at the State Highway Building, State Capitol, Atlanta, Georgia. The service of such suit upon the county shall not be perfected until such second original process has been served as herein provided. The State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which the State Highway Department may be ultimately liable under the terms of existing law." In *Sheehan* v. *Richmond County*, 100 *Ga. App.* 496 (111 S. E. 2d 924), a question almost identical to the one now before us was passed upon. In that case, at page 498 this court said: "The right of the plaintiff, as alleged in the petition, is under the constitutional provision requiring adequate compensation for property taken or damaged for a public purpose. A method for bringing suit against the State is provided in Code (Ann.) § 95-1710. A county in which the property lies is a proper party, and the law prescribes that the State shall defend. *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37) ; *Hardin* v. *State Highway Board*, 185 *Ga.* 614 (196 S. E. 40) ; *Waters* v. *DeKalb County*, 208 *Ga.* 741 (2) (69 S. E. 2d 274) ; *Davis* v. *City of Barnesville*, 80 *Ga. App.* 3 (54 S. E. 2d 915)."

It seems clear to us that the trial court committed reversible error in all the rulings embraced in these pleadings.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*