## 20766. STATE HIGHWAY DEPARTMENT OF GEORGIA v. McCLAIN et al.

CANDLER, Justice. L. S. McClain, Mrs. Betty Watson Free, and Mrs. Martha Oakes filed separate suits for damages in the City Court of Albany against Dougherty County, and, in compliance with the provisions of Code (Ann.) § 95-1710, the State Highway Department of Georgia was duly served with a second original and was thus notified of the pendency of such three suits. Their petitions are substantially alike, except as to the amount of damages each sued for, and so far as need be stated, allege: They own and reside on separate parcels of land which abut and front on Nona Street, a street Dougherty County established and maintains. By deeds made directly to the State Highway Department as grantee, Dougherty County acquired a right-of-way from the owner or owners of land located just south of their respective properties for a State-aid road, which is a connecting link between U. S. Highways 82 and 19. While such connecting link is not adjoining their properties, it does, however, intersect and cross Nona Street at a point near their homes, and where it crosses Nona Street a fill has been made, which is 17 feet higher than the level of such street and 60 feet wide and which completely obstructs it, and such fill was completed during the latter part of May, 1958. Such fill destroyed their only means of ingress and

egress to and from U. S. Highways 82 and 19. Within twelve months immediately subsequent to the completion of such fill and their consequent loss of such ingress and egress, each petitioner, in compliance with the requirement of Code § 23-1602, presented to Dougherty County his or her respective claim for the damages which he or she sustained through such loss of ingress and egress to their respective homes. The two mentioned highways and the one connecting them which intersect and cross Nona Street are all State-aid roads over which the State Highway Department has assumed exclusive jurisdiction. Each petition contains a prayer for a money judgment against Dougherty County for the alleged diminished value of his or her respective property. After the institution of these three suits and after Dougherty County and the State Highway Department were duly served, the latter filed a proceeding for declaratory relief in the Superior Court of Dougherty County. Its petition names Dougherty County and the three plaintiffs in the above-mentioned pending suits as the defendants thereto, and prays for process, service, and a declaration of its rights, status, and liability respecting such suits and its obligation to defend them in the name of Dougherty County, and its liability for the payment of any judgment or judgments which might be obtained in such pending suits. Its petition also alleges that the connecting link and a relocated portion of U. S. Highway No. 19 is a State-aid road or a portion of Georgia's State-aid road system, the construction of which had been contracted by the State Highway Department as one project to a named construction company; that such project has not been completed by the contractor and opened to traffic by the State Highway Board, and that the plaintiffs' suits were therefore prematurely brought, since Code § 95-1712 declares: "The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said Board." It is further alleged that the plaintiffs in the three damage suits against Dougherty County should be restrained and enjoined from prosecuting their suits until its rights, status, and obligations respecting them can be determined and adjudicated in this proceeding, and there is a

prayer for such relief. The defendants McClain, Mrs. Free, and Mrs. Oakes by a joint answer to the petition for declaratory relief averred that the fill across Nona Street which deprived them of ingress and egress, and in consequence thereof depreciated the value of their respective properties in the amount sued for by each, was completed on June 1, 1958, and that construction of the project has since that date been completely abandoned by the contractor. It is also averred by these three individual defendants that Code § 95-1712 offends art. 1, sec. 3, par. 1 of Georgia's Constitution of 1945 (Code § 2-301), which declares in part that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid"; and that it also offends art. 1, sec. 1, par. 3 of the same Constitution (Code § 2-103), which declares that, "No person shall be deprived of life, liberty, or property, except by due process of law" since it deprives the owner of his right to sue for damages for a wrongful act which, because of its consequences, injures his property and as soon as such an act is completed. The defendant Dougherty County by its answer averred that, since the highway involved is a State-aid road over which the State Highway Department has assumed exclusive jurisdiction, it is only primarily liable for any damage resulting from the construction thereof; and that the State Highway Department, under the provisions of Code (Ann.) § 95-1710, is ultimately liable for any damage resulting from such construction. The record in this case conclusively shows that the highway involved in this litigation is a State-aid road which the State Highway Department is constructing in Dougherty County, a road over which it has assumed exclusive jurisdiction; that such road has not been completed and opened to traffic by the State Highway Board; and that the pleadings make no issues of fact for determination by a jury, but raise only questions of law. On the hearing, at which neither party introduced any evidence, the trial judge dissolved the order which restrained the three plaintiffs from prosecuting their suits for damages against Dougherty County, sustained the constitutional attacks on Code § 95-1712, declared that such damage suits had not been prematurely brought, and authorized the plaintiffs to proceed with them; and held that it was the duty of the State Highway Department to defend them and pay any damages which the jury might award in the cases or

any of them against Dougherty County. The State Highway Department excepted to that judgment, and by direct bill of exceptions brought the case to this court for review. *Held:*

1. As shown by our statement of the case, McClain, Mrs. Free, and Mrs. Oakes by their separate suits against Dougherty County did not claim that their property, or any part of it, had been taken or physically damaged for a public purpose, but their suits were based entirely on the proposition that the value of their respective properties had been depreciated solely because of the loss of access thereto from designated highways in consequence of the construction of a State-aid road not adjoining their lands, but over which the State Highway Department had assumed exclusive jurisdiction. In these circumstances, it cannot be held that Code § 95-1712 offends that part of art. 1, sec. 3, par. 1 of Georgia's Constitution of 1945 (Code § 2-301), which provides that "Private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid." Before this provision of the Constitution becomes applicable, the owner's property must be taken or physically damaged for a public use. *Moore v. City of Atlanta,* 70 *Ga.* 611 (1); *Campbell v. Metropolitan Street R. Co.* 82 *Ga.* 325 (9 S. E. 1078); *Austin v. Augusta Terminal R. Co.,* 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755); *Brown v. Atlanta Ry. &c. Co.,* 113 *Ga.* 462 (4), 476 (39 S E. 71); *Brown v. City of Atlanta,* 167 *Ga.* 416, 420 (145 S. E. 855). The record in this case conclusively shows that no property belonging to the plaintiffs in the pending damage suits had been taken or physically damaged. However, nothing here ruled should be construed as a holding that the plaintiffs' petitions as filed in the City Court of Albany state a cause of action for the relief sought thereby, as that question is not before us for decision.

2. As applied to the facts of this case, Code § 95-1712 does not offend art. 1, sec. 1, par. 3 of the Constitution of 1945 (Code § 2-103), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law." It is, of course, well settled that a county in virtue of being a subdivision of the State is not liable to suit for any cause of action unless made so by statute or by necessary implication from some provision of the Constitution. Code § 23-1502; *Smith v. Floyd County,* 85 *Ga.* 420 (11 S. E. 850); *Taylor v. Richmond County,* 185 *Ga.* 610, 612 (196 S. E. 37); *Waters v. De-*

*Kalb County,* 208 *Ga.* 741 (69 S. E. 2d 274). For similar reason, the State Highway Department is not so liable unless likewise made so. *Tounsel* v. *State Highway Department,* 180 *Ga.* 112 (178 S. E. 285). Code (Ann.) § 95-1710 in part provides: "The State Highway Department shall defend all suits and be responsible for all damages awarded in any court of this State against any county under existing laws, whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law. When any suit against a county is brought in any court of this State it shall be the duty of the plaintiff to provide for the service of notice of the pendency of such suit against the county upon the State Highway Department of Georgia by providing for the service of a second original process issued from the court where the suit is filed upon the chairman of the State Highway Board of Georgia, . . ." Where the cause of action thus originates, that is to say, where property is damaged consequentially from the building or grading of a State-aid road, the method of procedure as outlined by Code (Ann.) § 95-1710 is not only authorized but is exclusive. *State Highway Board of Georgia* v. *Hall,* 193 *Ga.* 717, 718 (20 S. E. 2d 21), and the cases there cited. This section was codified from an act approved August 16, 1919 (Ga. L. 1919, pp. 242, 249), which has been several times amended; and construing the original act and the amendments together, the liability of the county referred to is primary, and that of the State Highway Department is ultimate. As the amended act relates to damaging private property for public uses, the liabilities are joint and the remedy against both is suit against the county in the local courts for the whole damage, and service of a second original on the State Highway Department; whereupon the State Highway Department is required to defend the action and be liable for all damages recovered against the county. This procedure is within the legislative powers of the State, and appropriate for enforcement of the declared liabilities of the respective parties arising out of establishment and maintenance of State-aid roads (*Taylor* v. *Richmond County,* 185 *Ga.* 610, supra) ; and there being no express provision in the law that the State Highway Department can be sued in this class of cases, we will not give to the general words appearing in section 4 of the act of 1925 (Ga. L. 1925, p. 208), to wit, "That said Highway Department

may sue and be sued," such a construction as would authorize the bringing of this kind of a suit against it, in view of the other provisions of the statute. *Hardin* v. *State Highway Board of Georgia*, 185 *Ga.* 614 (196 S. E. 40). Code § 95-1712 comes from an amendment to the original act and declares that "The State Highway Department shall not be liable under existing laws for damages accruing on such additional State-aid roads taken into the system under this law, until construction thereon has been begun under the direction of the State Highway Board and such additional State-aid roads opened to traffic by the said Board." Ga. L. 1929, pp. 260, 267; Ga. L. 1933, pp. 172, 174. This section of the Code therefore restricts the authority of the property owner to institute the suit authorized by Code (Ann.) § 95-1710 until the State-aid road involved is completed and opened to traffic by the State Highway Board, and before such consent to sue becomes effective the condition on which it is granted must have occurred. In *Thweatt* v. *State*, 66 *Ga.* 673, 679, it was held: "The citizen cannot sue the State unless she consents, and if she consents on terms, those terms must be considered as part of her grant of the right, and confine her courts to the consideration of the right with the conditions thereto attached and made part and parcel of the grant." For like rulings, see *Roberts* v. *Barwick*, 187 *Ga.* 691 (1) (1 S. E. 2d 713), and *Williams* v. *Lawler Hosiery Mills*, 212 *Ga.* 617 (5) (94 S. E. 2d 699). To the same effect see also 49 Am. Jur. 314, § 97.

3. Since Code § 95-1712 is not subject to the constitutional attacks made on it, the trial judge erred in holding that the three damage suits which are pending in the City Court of Albany had not been prematurely instituted, and that the plaintiffs therein should therefore be permitted to proceed with their prosecution.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Quillian, J., who dissent. Head, P. J., and Hawkins, J., concur specially.*

Argued January 11, 1960—Decided April 12, 1960—
Rehearing denied April 27, 1960.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Carter Goode, Assistant Attorneys-General, Donald E. Payton,* for plaintiff in error.

*J. Neely Peacock, Jr., Leonard Farkas, Farkas, Landau & Davis,* contra.

HAWKINS, Justice, concurring specially. I concur in the judgment rendered, for the reason that I do not consider that the damages here sought to be recovered come within the protection of art. 1, sec. 3, par. 1 (Code § 2-301) of the State Constitution, in that there is neither a taking nor damaging of the plaintiff's property for a public purpose; the plaintiff suffered no damage or injury different from that suffered by any other member of the public who customarily uses the highway referred to. As applied to that character of taking or damaging of private property, protected by the constitutional provision referred to, this statute would be unconstitutional, since the Constitution provides that for such taking or damaging just compensation must be first paid, and this statute would require that the property owner wait until the highway involved is opened for traffic before seeking a recovery.

I am authorized to say that Presiding Justice Head concurs in this special concurrence.

DUCKWORTH, Chief Justice, dissenting. If this dissent would serve no more worthy purpose than merely to criticise my honorable associates, I certainly would not enter it, but I think it my duty to state my reasons for dissenting. Courts have a higher and more worthy mission than engaging in juggling or acrobatic stunts. When a litigant plainly presents the cause of his complaint, this court should devote its intelligence and energies to a decision of that cause rather than finding synthetic excuses for avoiding a decision on the merits which will be of help and guidance to the parties. Stripped of irrelevancies, the entire pleadings here present forthrightly for our decision the constitutionality of Code § 95-1712. The petition of the Highway Department shows the pendency in the city court of three cases and the impending threat of numerous other suits which involve Code (Ann.) §§ 95-1710 and 95-1712, and it contends that, under these sections, it ought not to be required to defend at considerable cost to the State any of these suits, nor should it be held ultimately liable for any recoveries therein. It prays for a declaration of its rights thereunder, and that the parties in the.

city-court cases be enjoined from taking default judgments therein until such rights are declared herein. The county, being vitally concerned both as to the obligation to defend and ultimate liability, responds by challenging the constitutionality of Code § 95-1712, alleging that if construed as contended it would offend Code §§ 2-103 and 2-301 of the Constitution. These pleadings alone present the question of constitutionality of Code § 95-1712, and the trial court ruled that it was unconstitutional, the writ of error assigns this ruling as error, and we ought to rule thereon. But ignoring all this attack by the county as the majority has done, we still have the attack upon Code § 95-1712 based upon the same grounds as those asserted by the county, made by the plaintiffs in the city-court cases, which was sufficient to present the constitutional question and which was not attacked as being insufficient in the trial court. The Highway Department having sought a declaration that it could not be held ultimately liable in those suits, the plaintiffs in such suits would be adversely affected by such a ruling since they were made defendants in this suit. Therefore, in common fairness, they were authorized to resist such a ruling, and by their constitutional attack they made such resistance, and hence the judgment on the constitutional question should be reviewed on its merits, which the majority refuses to do. I shall here list the decisions of this court relating to Code § 95-1712 that I think are unsound: *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37); *Hardin* v. *State Highway Board of Ga.,* 185 *Ga.* 614 (196 S. E. 40); *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42); *State Highway Board* v. *Hall,* 193 *Ga.* 717 (20 S. E. 2d 21); *Waters* v. *DeKalb County,* 208 *Ga.* 741 (69 S. E. 2d 274). These decisions attribute to Code § 95-1712 a meaning which is neither expressed nor implied therein, and which is simply an addition to what is said therein. The statute expressly restricts the damages therein stated to those only which accrue on the highways. The above decisions expand it so as to cause it to embrace damages to property not on the highway. They thus cause it to apply to property damaged or taken for the purpose of a right-of-way. Thus the decisions cause the statute to mean that damaging property for public purposes can not be collected until and if the highway is opened for traffic, while the Constitution demands that such damages be *first paid.*

Obviously, the statute, if it means what the decisions say it means, is unconstitutional. The rule by which this court was bound when rendering each of these decisions was and still is that, if a statute is susceptible to more than one construction, the court's duty is to give it the construction that will render it constitutional rather than the construction that would render it unconstitutional. *DeWitt* v. *Richmond County*, 192 *Ga.* 770, 773 (16 S. E. 2d 579); *Evans* v. *Evans*, 190 *Ga.* 364 (9 S. E. 2d 254); *Pacolet Manufacturing Co.* v. *Weiss*, 185 *Ga.* 287, 295 (194 S. E. 568); *Cutsinger* v. *City of Atlanta*, 142 *Ga.* 555 (3) (83 S. E. 263, L. R. A. 1915B 1097, Ann. Cas. 1916C 280); *Fordham* v. *Sikes*, 141 *Ga.* 469 (81 S. E. 208); *Smith & Co.* v. *Evans*, 125 *Ga.* 109, 112 (53 S. E. 589). Here the statute expressly restricted itself to damages accruing on the highway. If left as written, it would be constitutional. It contemplates no damage to private property for public purposes, but simply means, and so states in unmistakable terms, such damages as might accrue on the highways by users thereof. It shields the department against liability for such damages except those occurring after it opens the highway for traffic, thereby signifying that it is safe for travel.

Should there linger a glimmer of doubt that the foregoing is the true meaning of the statute, a simple observance of the fact that by Code (Ann.) § 95-1721 (Ga. L. 1935, p. 160) the law requires the counties to pay for rights-of-way which includes damage to private property for public purposes, and yet Code (Ann.) § 95-1710 (Ga. L. 1957, pp. 593, 594) imposes upon the Highway Department ultimate liability for recoveries referred to in Code § 95-1712. The legislature would thus contradict itself and express contradictory intentions as to who must pay for the right-of-way. They did not do any such, and this court can not justify its distortion of what the legislature did do plainly to make it mean something different and thereby become contradictory and ridiculous. Since Code (Ann.) § 95-1721 makes it the duty of the county to pay direct and consequential damages for the rights-of-way, how can it do this if by Code (Ann.) § 95-1710 the Highway Department is required to do it?

This court has the duty to face the record and decide the question plainly made, which is, whether or not Code § 95-1712 is

violative of the Constitution (Code § 2-301) and therefore void. There are two plain courses open to us, to wit: Admit this court was wrong in the decisions cited and overrule them, and then hold that Code § 95-1712, which refers only to damages sustained by users of the highway or negligence in its maintenance, is perfectly constitutional; or adhere to our errors, which are too glaring to be missed, and hold that Code § 95-1712 as thus construed offends the first-payment requirement of the Constitution (Code § 2-301) and is void. While I am convinced that the first alternative is the right and proper course, yet without the concurrence of my associates that course is legally impossible, and therefore we should follow the second alternative and hold Code § 95-1712 void.

Since the majority refuse to adopt either of the foregoing alternatives, I must express my reasons for refusing to concur in their opinion. This record simply defies the conclusion that the defendants in error had no right to challenge the constitutionality of Code § 95-1712. The petition of the plaintiff in error left them no intelligent alternative. This court I believe should never do as the majority has done in the first division, to wit, rule on the merits of the cases in the city court to the extent of saying that they do not merit having the plaintiff therein raise the constitutional question, and turn around in the same division and declare that they are not doing precisely what they have just done, rule on the merit of these cases. Would the petitioner in the city-court cases be bound by an unreversed judgment in this case to which they are parties, construing the Code sections as requested by the Highway Department? What will be their rights after a judgment in this case declaring that the Highway Department could not be held ultimately liable in the city-court cases because of Code § 95-1712, under which the petition claims immunity, not because the alleged damages are not such as are covered by Code § 2-301, but because, as the Highway Department contends, the damages accrued before the highway was opened for traffic? I am convinced that the case has not been soundly decided until positive answers are made to both of these questions. I therefore want to make clear my opinion on both of them, since the majority avoid them by basing their decision on

something that is not in the case. Their decision settles nothing, but on the contrary, their *obiter dicta* confuse and confound the pending suits for damages, leaving the parties as well as that court in the situation of deciding whether or not the ruling by the majority—that the plaintiffs in those suits have no case of *damaged private property for public purposes,* hence the parties are not protected by the Constitution (Code § 2-301), and consequently can not attack Code § 95-1712, which, as construed by this court clearly offends that clause of the Constitution—is an adjudication of that question. Any attempt to decide that question encounters at the outset the further statement in the opinion that it does not rule upon the merits of those cases. This court should not create such confusion. It is indefensible for two sound reasons, to wit: (1) The merits of those cases were not before the trial court, nor are they before this court for decision. This case sought simply a declaration of rights under Code (Ann.) §§ 95-1710 and 95-1712 to enable the Highway Department to know if it must defend and could be liable. If so, for all that appears in this case, it intended to go into the city court and defend by challenging the merits for the first time. What would the majority have the county and those plaintiffs do when made parties defendant to a case wherein the Highway Department was seeking a judgment relieving it of the duty to defend and of any ultimate liability? I say they did what they had a perfect right as well as a plain duty to do—they attacked the constitutionality of Code § 95-1712. Such an attack was the only manner in which they could resist the claim of the petitioner that this section relieved the department of both a duty to defend and liability for any recovery, such claim being based, not upon whether the plaintiffs' damages were covered by the Constitution (Code § 2-301), but solely because such damages accrued before the highway was opened for traffic. (2) The merits of the city-court cases have not been argued by counsel, and this court has not considered that matter sufficiently to enable it to decide that question. Indeed, there is a strong likelihood that those plaintiffs are protected by the Constitution since their property, located upon a public road, is denied egress and ingress upon the public road because the Highway Department in constructing an-

other road neither bridged nor tunneled across this highway but simply blocked it with an impassable fill 17 feet in height. I do not know enough about those cases to now rule on their merits by saying they are not protected by Code § 2-301, and I am confident the majority does not either, for that is not presented by this record for a decision.

There is even another sound reason why the majority decision of reversal is erroneous. The judgment excepted to makes numerous rulings, including overruling all demurrers and motions to strike. The exception is to the entire judgment with the exception of one paragraph and is upon the grounds simply that it is contrary to law. The county cites *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20); *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621); *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (2) (58 S. E. 1047); *Mayor &c. of Gainesville* v. *Jaudon,* 145 *Ga.* 299 (5) (89 S. E. 210); holding that the writ of error should be dismissed. I agree that it should be dismissed for this reason. The majority ignore the entire matter and reverse. I would go further and say that, even if the assignment is valid, since it attacks the judgment as a whole, if any part of the judgment is correct, an affirmance is demanded. Furthermore, since the demurrers are not brought up, we can not decide if it was error to overrule them, and hence should either affirm or order them sent up and then rule upon them. I regret to see this case disposed of as has been done by the majority, and the foregoing dissent states my reasons fully.