31461. STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* PARKER.

DECIDED MAY 29, 1947.

*Eugene Cook, Attorney-General, L. C. Groves, Beverly Irwin, Assistant Attorneys-General,* for plaintiff in error.

*George L. Goode, T. L. Bynum,* contra.

TOWNSEND, J. The legislature, by the act of 1919 (Ga. L. 1919, p. 249), and the act of 1929 (Ga. L. 1929, p. 176), codified as § 95-1710 in the Code of 1933, provided a method by which the State Highway Department may become liable for causes of action occurring on a highway. This section is as follows: "The

State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law. Any county sued may vouch said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the petition served on said county. Said notice shall be given to the State Highway Department at least 10 days prior to the return day of the term at which said suit must be answered. The State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which the State Highway Department may be ultimately liable under the terms of this section." This section provides the only method by which the State Highway Department of Georgia may become liable for a tort.

In *Tounsel* v. *State Highway Department,* 180 *Ga.* 114, 115, 116 (178 S. E. 285), the Supreme Court said: " 'The Highway Department may sue and be sued and may make settlement of all claims presented to it under oath.' [§ 95-1505] It is insisted that this provision of law authorizes the present suit. If that is true, it must follow that the State Highway Department is subject to suits generally, as are persons and corporations not performing governmental functions. The legal status of the State Highway Department is somewhat akin to that of a county in Georgia, and the same contention has been made with reference to suits against counties as is now made in the present instance. In *County of Monroe* v. *Flynt,* 80 *Ga.* 489, 490 (6 S. E. 173), it was stated: 'The liability of the county to be sued for damages is a statutory liability. There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute.' That ruling was followed in *White Star Line Co.* v. *County of Gordon,* 81 *Ga.* 47 (7 S. E. 231). . . 'The State is never suable except by express enactment, and this is also true of subdivisions of the State. They are parts of

the sovereign power, clothed with public duties which belong to the State, and for convenience divided among local organizations. We are the more clear in this view of the law, from the fact that the Code provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair. . . It seems to us that the declaration of the Code, that the county shall be liable in these two cases, is a strong legislative intimation that it was not liable in other cases.' . .

"The immunity from suit in the case of counties is based upon the fundamental principle that they are subdivisions of the sovereign State; and that since the sovereign State can not be sued without its consent, a county can not be sued without the consent of its creator, the State. Likewise, the State Highway Department is a part of the sovereign State, an agent or servant of the State, and it can not be sued without the express consent of the sovereign. We think that there can be no doubt that the acts of the State Highway Department are the acts of the State of Georgia. The State, in the construction and maintenance of highways through the State Highway Department, performs a governmental function. In dealing with the Federal government in regard to the acceptance and use of Federal funds, it appoints the State Highway Department as an agent representing the State of Georgia. The Highway Department has no powers and no functions except those expressly authorized by the State. It can obtain no funds, nor can it disburse any funds, except as expressly authorized by the State. All funds paid out through the State Highway Department are paid out by the State of Georgia for specified purposes, and such funds can not be diverted by the State Highway Department to any other purpose. Even if a money judgment for personal injuries be obtained against the State Highway Department, there would be no funds in their possession subject to the satisfaction of such judgment. But it is insisted that under the statute the State has authorized the suit against the State Highway Department. It is true that the State Highway Department is authorized by the State to sue and to be sued. It should be noted, however, that nowhere does the statute declare in terms that the State Highway Department is a body politic or a corporation. It merely gives the right to sue and to be sued. Manifestly that question has to be considered in connection with

other principles of law applicable thereto, as in the case of counties. The statute declares that every county is a body corporate with power to sue and to be sued; and the contention was made that that statute authorized suits generally, but that contention was denied by decisions of this court. As already shown, this court has held that the power of counties to sue and to be sued was only for special purposes. Likewise, the power to sue and to be sued in the case of the State Highway Department is only for special purposes."

In *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37), this court certified to the Supreme Court the question: "Does § 95-1710 of the Code of 1933 (Acts 1919, pp. 242-253), by which it is provided in part that 'The State Highway Department shall defend all suits and be responsible for all damages awarded against any county *under existing laws* (italics ours), whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law,' authorize an action against the county with the right of the county to vouch in the State Highway Department to defend said suit, as provided therein, for the taking and damaging of private property in the construction of a bridge and approaches thereto, situated on a street of a municipality within such county, which street has been taken over by the State Highway Board as a 'State-aid road,' as provided in the Code, §§ 95-1705 et seq., where it appears that the county took no part in the construction of said bridge or its approaches, but that same was done solely by the State Highway Department through its employees?"

In a clear decision of this question, which was answered in the affirmative, the Supreme Court said in part as follows: "The State-aid roads provided for by the act of 1919, supra, and its amendments are beneficial to both the county and the State. The benefits to each are substantial and so related as to suggest to the legislative mind the propriety of bringing the county and the State Highway Board into a state of co-operation and responsibility of both as to third persons for the acts of either or both. Construing together the original act and the amendments, the liability of the county referred to is primary, and that of the State Highway Board is ultimate. As relates to damaging private property for public uses, the liabilities are joint, and the remedy against both

is suit against the county in the local courts for the whole damage, with right of the county to vouch the State Highway Board into court in the manner expressed in the statute, by giving notice as therein provided; whereupon the State Highway Board is required to defend the action and be liable for all damages recovered against the county. This procedure is novel but within the legislative powers of the State, and appropriate for enforcement of the declared liabilities of the respective parties arising out of establishment and maintenance of the State-aid roads, the declared object of the legislation."

In *Hardin* v. *State Highway Board,* 185 *Ga.* 614 (196 S. E. 40), the Supreme Court ruled: "An action can not be brought directly and primarily against the State Highway Department for damages on account of unlawful appropriation of private property for construction of a road taken over by the State Highway Department under the State-aid system." The Supreme Court sustained this holding in *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42).

In *State Highway Board of Georgia* v. *Hall,* 193 *Ga.* 717 (20 S. E. 2d, 21), a case involving the taking and damaging of private property not located on the highways of the State of Georgia, the Supreme Court ruled as follows: "Where the State Highway Board takes rock from land not on a highway, and uses it in the construction of a road, the owner's cause of action does not originate on a highway under the Code, § 95-1710, and his remedy is an action against the board in the county of the residence of a member at the time the suit is brought." In discussing this point in the body of the opinion of this case, on page 718, the Supreme Court used the following language: "We think that the ruling of the Court of Appeals is sound, and that it has properly distinguished the cases of this court, such as *Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37), *Hardin* v. *State Highway Board,* 185 *Ga.* 614 (196 S. E. 40), *State Highway Board* v. *Perkerson,* 185 *Ga.* 617 (196 S. E. 42), and might in like manner have distinguished the cases decided by the Court of Appeals, such as *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647), and *Page* v. *Washington County,* 48 *Ga. App.* 791 (173 S. E. 868). In all of those cases the cause of action did in fact 'originate on a highway' within the meaning of the language in the Code,

§ 95-1710. Where the cause thus originates, that is to say, where property is taken or damaged directly or consequentially from the building or grading of a State highway, the method of procedure as outlined by this Code section is not only authorized but exclusive. In the instant case, however, the alleged seizure by the State Highway Board of the plaintiff's property from land that was in no way connected with or affected by the construction of the highway did not 'originate on' the State highway, but the gist of the cause of action consisted in the taking of the plaintiff's property for public purposes. Where and for what purpose the property thus independently seized for general public use might have been subsequently used for public purposes is altogether immaterial. Such a seizure gave a right of action under the Constitution, since the State Highway Board can not thus appropriate the property of a citizen for public use without just compensation. While the Highway Department controlled by the Highway Board, like a county, constitutes a political subdivision of the State sovereignty, it has, like the counties, been made subject to suit (Code, §§ 95-1505, 23-1501); and while, unlike counties, this liability to suit has not been expressly limited by statute (§ 23-1502), it is nevertheless true that, just as with counties, 'the power to sue and to be sued in the case of the State Highway Department is only for special purposes.' *Tounsel* v. *State Highway Department,* 180 *Ga.* 112, 117 (178 S. E. 285). In *Smith* v. *Floyd County,* 85 *Ga.* 420, 424 (11 S. E. 850), and *Millwood* v. *DeKalb County,* 106 *Ga.* 743, 747 (32 S. E. 577), this court, speaking of the delegated but restricted powers of a county to sue and be sued, used this language: 'The violation by a county of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit has been afforded by the legislature.' The same rule would apply with at least equal force to the State Highway Board; and since the method of procedure as prescribed by § 95-1710 is inapplicable to a case such as this, where the injury does not originate on a highway, but where there has been an independent taking of private property for public use, the injured party is relegated either to the remedy of injunction or mandamus, where such a remedy is appropriate (*Harrison* v. *State Highway Department,* 183 *Ga.* 290, 299, 188 S. E. 445; *Tounsel* v.

*State Highway Department,* supra; *State Highway Department* v. *H. G. Hastings Co.,* 187 *Ga.* 204, 206, 199 S. E. 793), or else to an action at law. See generally, on the right to sue a political subdivision which has by statute been made subject to suit: *Lynch* v. *Harris County,* 188 *Ga.* 651 (4 S. E. 2d, 573) ; *Purser* v. *Dodge County,* 188 *Ga.* 250 (3 S. E. 2d, 574) ; *Decatur County* v. *Praytor &c. Co.,* 163 *Ga.* 929, 931-934 (137 S. E. 247) ; *Board of Education of Candler County* v. *Southern Michigan National Bank,* 184 *Ga.* 641 (4), 643 (192 S. E. 382) ; *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596) ; *State Highway Department* v. *MacDougald Construction Co.,* 54 *Ga. App.* 310 (187 S. E. 734) ; *Rheberg* v. *Grady County,* 27 *Ga. App.* 578 (109 S. E. 542) ; *Washington County* v. *Sheppard,* 46 *Ga. App.* 240 (167 S. E. 339) ; *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (6, 7), 841 (86 S. E. 651)."

Paragraph 1 of Section 3 of Article I of the Constitution of Georgia (Code, § 2-301 of the Code of Georgia of 1933) provides as follows: "In cases of necessity, private ways may be granted upon just compensation being first paid by the applicant. Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid."

Paragraph 6, Section 14, Article VI of the Constitution of Georgia provides as follows: "All other civil cases shall be tried in the county where the defendant resides, and all criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury can not be obtained in such county."

The State Highway Department of Georgia, as a division of the State government, covers the entire State of Georgia and, unless some method of service was designated by the legislature, the State Highway Department of Georgia could be sued in any county of Georgia. Prior to 1943, suits under Code, § 95-1505 were brought in the county of the residence of a member of the State Highway Board. In 1943 the legislature passed an act providing for the State Highway Director and the State Highway Commission (Ga. L. 1943, pp. 216-222). Section 13 of this act, p. 221, provides a method by which suits ex delicto and ex contractu may be brought against the State Highway Department, and reads as follows: "All suits brought either by or against the State

Highway Department shall be brought in the name of 'State Highway Department of Georgia.' All suits brought ex contractu by or against State Highway Department of Georgia shall be brought in the county where the contract is to be or has been performed. All suits brought ex delicto shall be brought in the county in which the cause of action arose. Service upon said department shall be sufficient by serving a second original process issued from the county where the suit is filed upon the Highway Director, either personally or by leaving a copy of same in the State Highway Building, No. 2 Capitol Square, Atlanta, Georgia." This section is in no wise conflicting with § 95-1710. The method of bringing suits under § 95-1710 for torts arising on bridges or approaches thereto is still the law of Georgia for suits of this type.

The act approved March 20, 1943 (Ga. L. 1943, p. 401), now embodied in Georgia Code Annotated, as § 114-101, in defining "employer" and "employee" under the workmen's compensation law, provided as follows: "'Employer' shall include the State of Georgia and all departments thereof, any municipal corporation within the State, and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except as hereinafter provided, and the receiver or trustee of the same, and the legal representative of a deceased employer, using the service of another for pay. If the employer is insured, this term shall include his insurer as far as applicable. 'Employee' shall include every person in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer and, except as hereinafter provided, minors are included even though working in violation of any child-labor law or other similar statute."

In *State Highway Department* v. *Turner,* 198 *Ga.* 795-800 (supra), the Supreme Court ruled that an employee of the State Highway Department had a right to bring an action directly against the State Highway Department under the Workmen's Compensation Law for compensation for an injury arising out of and during the course of his employment by the State Highway Department. This is the sole exception under which the legislature has granted authority for the State Highway Department to be

246

sued other than the method provided for in the Code, § 95-1505, § 95-1710, discussed above.

Always suits could be brought under express statutory authority or general authority and constitutional implication.

The court erred in overruling the general demurrer of the State Highway Department, and the judgment of the trial court is

*Reversed. MacIntyre, P. J., and Gardner, J., concur.*