Hattie E. **ROBINSON**, Lamar **Glover**, Plaintiffs–Appellants,

v.

**GEORGIA DEPARTMENT OF TRANSPORTATION**, Defendant–Appellee.

No. 91–8731.

United States Court of Appeals, Eleventh Circuit.

July 20, 1992.

---

Jeffrey O. Bramlett, Suzanne Forbis, Atlanta, Ga., for plaintiffs-appellants.

George P. Shingler, William Grant Cromwell, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

ANDERSON, Circuit Judge:

## I. INTRODUCTION

Appellants, Hattie E. Robinson and Lamar Glover (hereinafter referred to collectively as "appellants"), sought relief under 42 U.S.C. § 1983 against appellee, the Georgia Department of Transportation ("Ga.DOT"), for inverse condemnation of property that was an ancestral cemetery. Ga.DOT moved to dismiss on the ground that appellants' suit was barred under the Eleventh Amendment. The district court granted the motion, and this appeal ensued.

## II. FACTS

In the late 1970's, Ga.DOT began work on a project to expand I–75. Part of the land to be used for this project extended over an old burial site. Appellants are heirs-at-law of persons buried in the cemetery. Appellants brought suit under § 1983 for violation of the Fifth and Fourteenth Amendments for a taking of their property for public use without payment of compensation.

## III. PROCEDURAL HISTORY

Appellants filed this action on April 18, 1984. Ga.DOT answered on May 11, 1984. On September 17, 1984, the trial court stayed the federal proceedings pending proceedings in state court involving the property. *See Robinson v. Dep't of Transp.*, 185 Ga.App. 597, 364 S.E.2d 884 (1988) ("Robinson I"); *Robinson v. Dep't of Transp.*, 195 Ga.App. 594, 394 S.E.2d 590 (1990) ("Robinson II"). Following the disposition by the state court, appellants moved to lift the stay on August 3, 1990. On January 3, 1991, the district court lifted the stay and permitted appellants to supplement the complaint. On January 30, 1991, Ga.DOT moved to dismiss. On July 11, 1991, the district court granted appellee's motion to dismiss. In its order, the district court dismissed because Ga.DOT is immune under the Eleventh Amendment.

## IV. DISCUSSION

### A. *Eleventh Amendment Immunity*

■ The Eleventh Amendment bars suit in federal court against a state. The immunity provided by the Eleventh Amendment applies to states and state officials but not to municipal corporations, counties, or other political subdivisions of the state. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

■ We must determine whether Ga. DOT is an "arm of the state" for Eleventh Amendment purposes. In *Fouche v. Jekyll Island–State Park Auth.*, 713 F.2d 1518, 1520 (11th Cir.1983), this court stated:

Whether [an entity] is an arm of the state protected by the Eleventh Amendment "turns on its function and character as determined by state law." *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). Factors that bear on this determination include the definition of "state" and "political subdivision," the state's degree of control over the entity, and the fiscal autonomy of the

entity. See *Mt. Healthy, supra*, 429 U.S. at 280, 97 S.Ct. at 572; *United Carolina Bank v. Board of Regents*, 665 F.2d 553 (5th Cir.1982).

*See also Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir.), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 462 (1985).

### 1. Definition of State and Political Subdivision

Although Georgia law does not define "state" and "political subdivision," *see Fouche*, 713 F.2d at 1520, some of the provisions of the Georgia code relating to Ga.DOT are helpful in determining whether it enjoys Eleventh Amendment protection. For instance, O.C.G.A. § 32–2–2(a)(2) states that Ga.DOT "shall be the state agency to receive and shall have control and supervision of all funds appropriated for public road work." In addition, O.C.G.A. § 32–2–2(a)(7) states that "[t]he department shall be the proper agency of the state to discharge all duties imposed on the state by any act of Congress allotting federal funds to be expended for public road and other transportation purposes in this state."

Ga.DOT cites *State Highway Dep't v. Parker*, 75 Ga.App. 237, 43 S.E.2d 172 (1947), for the proposition that Ga.DOT is a state agency. The court in *Parker* stated the following:

> [T]he state highway department is a part of the sovereign state, an agent or servant of the state, and it can not be sued without the express consent of the sovereign. We think that there can be no doubt that the acts of the state highway department are the acts of the state of Georgia.

43 S.E.2d at 174. Appellants counter that the court in *Parker* likened the State Highway Department (the predecessor to Ga. DOT) to a county. Therefore, appellants argue that, if Ga.DOT is like a county, it enjoys no Eleventh Amendment immunity. *See Mt. Healthy, supra*, 429 U.S. at 280, 97 S.Ct. at 572 (Eleventh Amendment immunity does not extend to counties).

The analogy of Ga.DOT to a county in *Parker*, however, is not dispositive. The *Parker* court, in comparing the state highway department to a county, was discussing the ability of the state highway department to be sued in the Georgia courts. The state highway department, like counties, can be sued in Georgia state courts only where the state has given its consent. Thus, the *Parker* court was not using the county comparison in order to reach the conclusion that the state highway department is a political subdivision like counties. In fact, in *Huggins v. Georgia Dep't of Transp.*, 165 Ga.App. 178, 300 S.E.2d 195 (1983) (holding that Ga.DOT, as a state agency, does not come within the ambit of statutory provision applying to municipal corporations, counties, or other political subdivisions of the state), the court expressly rejected the notion that Ga.DOT is a county, a municipal corporation, or any other political subdivision of the state.

### 2. State's Degree of Control and Fiscal Autonomy

As this court stated in *Fouche*, "[t]he Eleventh Amendment protects the sovereignty of the state by prohibiting suits when recovery would be paid from state funds." 713 F.2d at 1521 (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). In *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir.1985), this court stated that "[w]here the budget of an entity is submitted to the state for approval, this suggests that the entity is an agency of the state." In this case, appellants argue that Ga.DOT is financially independent from the state because the Georgia law provides that Ga.DOT "shall be the state agency to receive and shall have control and supervision of all funds appropriated for public road work by the state and activities incident thereto from the net proceeds of motor fuel tax as provided in Article III, Section IX, Paragraph VI(b) of the Constitution of Georgia and any other funds appropriated or provided for by law for such purposes." O.C.G.A. § 32–2–2(a)(2). Thus, appellants argue that Ga. DOT receives the motor fuel tax as provided in the Georgia Constitution without the intervention of the legislature and can

spend the funds in its discretion without any legislative approval.

While Ga.DOT appears to be fiscally autonomous from the state legislature in the sense that it can spend all the dedicated funds in its discretion, it does not appear from the statute that Ga.DOT raises any funds on its own. In *Fouche*, this court discussed the ability of the Jekyll Island–State Park Authority to raise funds. The fact that the Park Authority could raise funds on its own cut against finding that it was an arm of the state. 713 F.2d at 1520. This factor is significant in this case. Because Ga.DOT does not issue bonds or have any mechanism of raising its own revenues, it remains dependent on the state for its funds. This fact lends support for the conclusion that Ga.DOT is an arm of the state.

In addition, in *Fouche*, despite the fact that the Park Authority had received no funds from the state for the period covering the claims at issue, the court concluded that, because any judgment would be paid out of current state funds, the Eleventh Amendment protected the Park Authority. 713 F.2d at 1521. In this case, any recovery would be paid out of state funds because Ga.DOT's source of revenue is from the motor fuel tax specified in the Georgia Constitution. The fact that Ga.DOT can allocate its funds in its own discretion and without intervention by the state legislature does not change the fact that these funds are state funds.

For the foregoing reasons, we conclude that Ga.DOT is an arm of the state.

B. *Waiver of Eleventh Amendment Immunity*

The Eleventh Amendment bars suits against a state for alleged deprivations of civil liberties unless the state has waived its immunity or "unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989); *see also Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (plurality opinion). In *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979), the Court concluded that Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment. Thus, Ga.DOT's Eleventh Amendment immunity has not been overridden by Congress.

■ We turn next to appellants' argument that Georgia has waived its immunity in this case. In *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 3145 n. 1, 87 L.Ed.2d 171 (1985), the Supreme Court held that a state waives its Eleventh Amendment immunity only if there is "an unequivocal indication that the state intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." Appellants argue that Ga.DOT has waived sovereign immunity because it has consented to suit in state court. *See* O.C.G.A. § 32-2-5(a); Ga. Const., Art. I, Sec. 3, ¶ 1(a) ("private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."). Appellee counters that the Georgia Constitution expressly reserves the state's immunity in federal court[1] and that, in any event, a waiver in state court does not constitute a waiver in federal court. *See Atascadero*, 473 U.S. at 241, 105 S.Ct. at 3146 ("Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment."). Thus, it is clear in this case that the state has not waived its immunity.

V. CONCLUSION [2]

For the foregoing reasons, the Eleventh Amendment bars appellants' § 1983 claim

---

1. See Georgia Const., Art. I, Sec. 2, ¶ 9 which provides:
   Sovereign immunity extends to the state and all of its departments and agencies.... No waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments and agencies by the United States Constitution.

2. The pending motions concerning supplemental briefs are granted. The supplemental briefs of both parties have been filed and considered.

against Ga.DOT. Accordingly, the judgment of the district court is

AFFIRMED.[3]

**3.** Appellants' other arguments on appeal have no merit and warrant no discussion.