A95A1099. HOFFMAN v. DEPARTMENT OF CORRECTIONS et al.
(460 SE2d 882)

McMurray, Presiding Judge.

This is an action for damages pursuant to 42 USC § 1983 and state tort law, brought by a former inmate of the State Women's Prison at Hardwick, plaintiff Hoffman, who alleges that while an inmate she was exploited by guards for purposes of sexual gratification. The alleged incidents occurred prior to the effective date of the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.). One of the defendants in the case is the Georgia Department of Corrections. The theories underlying the claims against the Department of Corrections are not limited to those based on respondeat superior but include allegations that this defendant was a joint tortfeasor along with several of its employees including guards and officials at the Hardwick prison. The complaint alleges that the Department of Corrections knowingly permitted and condoned a pervasive practice of abuse, including sexual misconduct, directed towards female inmates, and that this policy facilitated the specific acts of abuse which plaintiff suffered. Additional defendants include a guard and a deputy warden from the prison, and a former commissioner of the Department of Corrections. Two of these additional defendants reside in Baldwin County.

The action was originally filed in the Superior Court of Fulton County but then transferred on defendants' motions challenging venue there, to the Superior Court of Baldwin County. Plaintiff Hoffman then requested and received permission to file this interlocutory appeal from the transfer order. *Held*:

Apparently there is no specific statute determining venue for an action against the Department of Corrections predicated upon an incident prior to the effective date (January 1, 1991) of the Georgia Tort Claims Act. Plaintiff maintains that the Department of Corrections *resides* in Fulton County so as to render the original venue proper under the Constitution of Georgia, Article VI, Section II, Paragraph IV, which provides venue in actions against joint tortfeasors. A state agency may be sued as a joint tortfeasor. *Gault v. Nat. Union Fire Ins. Co. of Pittsburgh*, 208 Ga. App. 134, 137-138 (4) (430 SE2d 63). The defendants maintain that the concept of residence is not applicable to a state agency.

Under the argument advanced by defendants, we would simply disregard the presence of the Department of Corrections in determin-

ing venue. While this proposal might produce a simple resolution in this appeal, the proposal would not fare as well under different circumstances. The obvious question being where then would venue lie when the Department of Corrections is the sole defendant so that there are no joint tortfeasors whose residence could provide the answer to the venue issue. See Constitution of Georgia, Article VI, Section II, Paragraph VI.

In our view, the constitutional venue provisions (Constitution of Georgia, Article VI, Section II) must be viewed as comprehensive, at least with regard to actions which do not involve non-residents, and applied to actions against the State along with its agencies and departments. All of the arguments that the concept of residence is inapplicable to the State and its agencies are equally applicable to corporations, yet statutory provision has been made for determining the residence of a corporation for purposes of determining venue. OCGA § 14-2-510. Similar provision has been made by statute for a number of State agencies and for purposes of certain types of claims as in the Georgia Tort Claims Act. The difference in the case sub judice is the absence of any such statutory provision. In the absence of statutory direction, "residence" under the constitutional provisions must be determined based upon the general meaning of the term. The Department of Corrections as a branch of State government is present throughout the State of Georgia. Once a determination of venue based on residence of the Department of Corrections is undertaken, it can hardly be denied that Fulton County, the site of the State Capitol and seat of government as well as location of the principal offices of the Department of Corrections, is an appropriate venue. *State Highway Dept. v. Parker*, 75 Ga. App. 237, 244 (43 SE2d 172). The Superior Court of Baldwin County is directed to return this case to the Superior Court of Fulton County from which it was transferred.

*Judgment vacated and case remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 17, 1995 —

The Ford Law Firm, James L. Ford, Christopher G. Moorman, for appellant.

Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General, Savell & Williams, Elmer L. Nash, Smith & Associates, Kenneth A. David, for appellees.