A96A2106. DOE v. DEPARTMENT OF CORRECTIONS.
(481 SE2d 837)
ORDER OF COURT.

Appellant Jane Doe No. 102 brought this action under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., claiming personal injuries arising out of the alleged mistreatment of inmates at the State Women's Prison at Hardwick in Baldwin County. Among other grounds of appeal, she asserts that OCGA § 50-21-28, the portion of the 1992 Georgia Tort Claims Act which places venue in the state or superior court of the county where the loss occurred, is in direct conflict with the venue provisions of Ga. Const., Art. VI, Sec. II, Par. VI, placing venue in the county where the defendant resides. The Supreme Court has exclusive appellate jurisdiction of such an issue. Ga. Const., Art. VI, Sec. VI, Par. II (1). *Beauchamp v. Knight*, 261 Ga. 608, 609-610 (409 SE2d 208) (1991), cited by Doe, is inapposite because that decision involved the Supreme Court's *general* equity jurisdiction, Ga. Const., Art. VI, Sec. VI, Par. III (2), not its *exclusive* jurisdiction to rule on the constitutionality of statutes.

The question was properly raised and preserved in the trial court, to the extent that Doe could do so, which is a prerequisite to consideration of such an issue on appeal. *Hardison v. Haslam*, 250 Ga. 59, 61 (3) (295 SE2d 830) (1982); *Walker v. Hall*, 226 Ga. 68, 69

(172 SE2d 411) (1970). Doe did everything she could to obtain a ruling on the question of venue even before it was raised by the Department's motion. She filed three separate pleadings on the issue of venue, including two briefs addressing her constitutional claims. In those pleadings, Doe has shown the challenged part of the statute with fair precision, she has shown the provision of the constitution which she claims is violated by the statute, and she has shown how the statute violates the constitutional provision, thus fulfilling the requirements of *Blackston v. Dept. of Natural Resources*, 255 Ga. 15, 18 (334 SE2d 679) (1985).

This case does not appear to fall within any of the grounds for jurisdiction in the Court of Appeals as enumerated in *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996). The Fulton County trial court's preprinted form order transferring the case, and the Baldwin County trial court's order adopting the earlier order, necessarily found OCGA § 50-21-28 constitutional, although they did not expressly so state. This is not a case in which the trial court did not "distinctly pass" upon an issue of constitutionality because it based its decision upon alternative grounds and thus found it unnecessary to reach the constitutional question. See, e.g., *Ga. Bd. of Dentistry v. Pence*, 223 Ga. App. 603, 604 (1) (478 SE2d 437) (1996). Nor is this a case in which the constitutional issue became moot. See, e.g., *In the Interest of I. B.*, 219 Ga. App. 268, 269 (464 SE2d 865) (1995). Nor has the constitutional issue been previously resolved by the Supreme Court, as this is a case of first impression involving a newly enacted statute. Compare *Hoffman v. Dept. of Corrections*, 218 Ga. App. 363 (460 SE2d 882) (1995) (decision prior to enactment of OCGA § 50-21-28). This is a significant and clearly presented constitutional conflict with a recently enacted statute, appropriate for resolution by the Supreme Court rather than this Court.

Accordingly, it is hereby ordered that this case be transferred to the Supreme Court.