[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15328
Non-Argument Calendar

_____

D. C. Docket No. 06-00930-CV-TWT-1

MAHMOOD I. ALYSHAH,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
COUNTY OF GWINNETT, GA,
COUNTY OF DEKALB, GA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 11, 2007)

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Mahmood I. Alyshah, proceeding pro se, appeals the district court's dismissal of his lawsuit complaint against the State of Georgia. Alyshah asserted several state-law tort claims, claims pursuant to 42 U.S.C. §§ 1981, 1983, 1986, and 1988, and violations of the First, Fifth, and Fourteenth Amendments. The district court dismissed the case, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure 12. The court concluded that Alyshah's federal claims were barred by Eleventh Amendment immunity, and his state tort claims were barred by both sovereign immunity and the Eleventh Amendment. On appeal, Alyshah contends that the district court's dismissal based on Eleventh Amendment immunity and sovereign immunity was error.[1] After review, we affirm.

We review a district court's order granting a motion to dismiss de novo. Popowski v. Parrott, 461 F.3d 1367, 1372 (11th Cir. 2006). The allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004).

---

[1] We will not consider Alyshah's argument, raised for the first time in his reply brief, that the district court erred by dismissing his case while his motion to recuse the district court judge was pending. Cf. United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (holding that argument, raised for the first time in reply brief, was deemed abandoned), cert. denied, 126 S. Ct. 2966 (2006). Likewise, Alyshah raises no arguments regarding the dismissal of Appellees DeKalb and Gwinnett Counties, and he has abandoned any such claims. Id.

"The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1302 (11th Cir. 2005). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law of equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." Abusaid, 405 F.3d at 1303. The Eleventh Amendment is no bar, however, where (1) the state consents to suit in federal court, or (2) where Congress has abrogated the state's sovereign immunity. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).

Here, the Georgia Tort Claims Act specifically preserves the State of Georgia's sovereign immunity from suits in federal courts. See O.C.G.A. § 50-21-23(b). Although the State of Georgia has given its consent to being sued in

3

contract or tort actions in its own state courts, a state's consent to suit in state court does not constitute a waiver of immunity in federal court. Id.; Robinson v. Georgia Dept. of Transp., 966 F.2d 637, 640 (11th Cir. 1992). As for congressional abrogation, we have held that Congress did not intend to abrogate the states' Eleventh Amendment immunity in passing § 1983. Robinson, 966 F.2d at 640.

Accordingly, the district court did not err by granting the State of Georgia's motion to dismiss both the federal and state claims against it based on Eleventh Amendment immunity. The State of Georgia has not consented to being sued in federal court nor has Congress abrogated the state's Eleventh Amendment immunity.

**AFFIRMED.**