[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15332
Non-Argument Calendar
_____

D. C. Docket No. 06-00928-CV-TWT-1

MAHMOOD I. ALYSHAH,

Plaintiff-Appellant,

versus

THE STATE OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 2, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This is pro se litigant Mahmood I. Alyshah's fifth appeal from adverse final judgments in his many lawsuits arising out of the State Bar of Georgia's efforts to prevent him from engaging in the unauthorized practice of law. In one of his

previous appeals, he challenged the district court's dismissal of one of his complaints against the State of Georgia ("State"), based on Eleventh Amendment immunity and state sovereign immunity. See Alyshah v. State of Georgia, Case No. 06-15328 (11th Cir. Apr. 11, 2007) ("Alyshah I").

In Alyshah I, we stated the following:

> "The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states." Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1302 (11th Cir. 2005). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L. Ed. 2d 67 (1984). . . . . "Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." Abusaid, 405 F.3d at 1303. The Eleventh Amendment is no bar, however, where (1) the state consents to suit in federal court, or (2) where Congress has abrogated the state's sovereign immunity. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).

> Here, the Georgia Tort Claims Act specifically preserves the State of Georgia's sovereign immunity from suits in federal courts. See O.C.G.A. § 50-21-23(b). Although the State of Georgia has given its consent to being sued in contract or tort actions in its own state courts, a state's consent to suit in state court does not constitute a waiver of immunity in federal court. Id.; Robinson v. Georgia Dept. of Transp., 966 F.2d 637, 640 (11th Cir. 1992). As for congressional abrogation, we have held that Congress did not intend to abrogate the states' Eleventh Amendment immunity in passing § 1983. Robinson, 966 F.2d at 640.

Accordingly, the district court did not err by granting the State of Georgia's motion to dismiss both the federal and state claims against it based on Eleventh Amendment immunity. The State of Georgia has not consented to being sued in federal court nor has Congress abrogated the state's Eleventh Amendment immunity.

Id. (emphasis in original).

The same reasoning controls here. Because the State has not consented to being sued in federal court, nor has Congress abrogated the State's Eleventh Amendment immunity, the district court did not err by granting the State's pre-answer motion to dismiss both the federal and state law claims against it based on Eleventh Amendment and state sovereign immunity.[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] In light of our conclusion that the district court properly dismissed the instant complaint based on Eleventh Amendment immunity, our previously filed jurisdictional question concerning the Rooker-Feldman doctrine is moot. Moreover, Alyshah has not raised any arguments on appeal regarding his facial constitutional challenge to the Georgia statutes or the district court's ruling on his motion to strike or motion to recuse, and, thus, he has abandoned all related claims. See AT&T Broadband v. Tech Commc'ns Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004) (citation omitted) (holding "[i]ssues not raised on appeal are considered abandoned."). Finally, Alyshah's argument that he is entitled to a default judgment is without merit because the State never was required to file an answer, and the 90-day time limit he asserts does not exist. See Fed. R. Civ. P. 8(d), 12(a)(4)(A).