[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15832

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

_____

D. C. Docket No. 4:10-cv-00060-HLM


DEXTER WARD PRESNELL,

Plaintiff-Appellant,

versus

PAULDING COUNTY, GEORGIA,
PAULDING COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.


_____

No. 11-10316
_____

DEXTER WARD PRESNELL,

Plaintiff-Appellant,

versus

GEORGIA BUREAU OF INVESTIGATION,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(December 13, 2011)

Before EDMONDSON and ANDERSON, Circuit Judges, and LAWSON,[*] District Judge.

PER CURIAM:

This case involves two separate appeals deriving from a single district court case.[1] As a result of a misidentified fingerprint linking him to a crime scene, Plaintiff Dexter Presnell was indicted for murder, arrested, and spent sixteen months in jail awaiting trial. When the fingerprint examiner was reviewing the evidence in preparation for trial, he realized the mistake, the charges were dropped, and Plaintiff was released. Plaintiff filed suit in the United States District Court for the Northern District of Georgia against Paulding County, Georgia; the Paulding County Sheriff's Department; the Georgia Bureau of Investigation; and an unnamed John Doe defendant. The complaint included various 42 U.S.C. §1983 claims as well as state law claims for false arrest, false imprisonment, and

_____

[*] Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] We sua sponte consolidate the two appeals and dispose of both in this opinion.

2

malicious prosecution.  The district court ultimately dismissed the claims against the GBI pursuant to Fed. R. Civ. P. 12(b)(6), and granted judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in favor of Paulding County and the Paulding County Sheriff's Department.[2]  After the statute of limitations had run, the district court also denied as futile Plaintiff's motion to amend to add a claim based upon the Fourth Amendment, and to add two new parties, the director of the GBI and Tim Schmall.  Schmall was the GBI employee whom Plaintiff had finally identified as the fingerprint examiner to whom the mistake was allegedly attributable.  Despite the unfortunate events of this case, established law indicates that the district court correctly held in favor of the Defendants.  Accordingly, we affirm.   But we address in turn the several issues in this appeal.

### I.  APPEAL NO. 11-10316: PLAINTIFF'S CLAIMS AGAINST GBI; PLAINTIFF'S ATTEMPT TO AMEND HIS COMPLAINT TO ADD A FOURTH AMENDMENT CLAIM AGAINST GBI AND TO ADD TWO GBI EMPLOYEES AS NEW PARTY DEFENDANTS

### A.  The Original § 1983 Claims and State Law Claims Against the GBI

The district court correctly dismissed the § 1983 claims and the state law claims against the GBI pursuant to the Eleventh Amendment.  That Amendment provides: "The Judicial power of the United States shall not be construed to extend

---

[2]      The district court also dismissed Defendant John Doe.  However, Plaintiff has not appealed that decision.

to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to also bar suits against a state by that state's own citizens. See Hans v. Louisiana, 134 U.S. 1, 13-19 (1890). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1638 (2011) (citation and footnote omitted). "Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment." Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (citing Quern v. Jordan, 440 U.S. 332, 341 (1979)). Thus, Plaintiff can sue the GBI only if Georgia has waived its sovereign immunity.

Contrary to Plaintiff's argument, Georgia has not waived the immunity from suit in federal court which Georgia enjoys under the Eleventh Amendment. The Georgia Tort Claims Act ("GTCA"), O.C.G.A. §50-21-20, et seq., is an Act of the General Assembly that waives the state's sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment." O.C.G.A. §50-21-23(a) (2009). However, the GTCA expressly

4

provides that:

> [t]he state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia. <u>The state does not waive any immunity with respect to actions brought in the courts of the United States.</u>

O.C.G.A. §50-21-23(b) (emphasis added). Therefore, the GTCA does not waive Georgia's immunity from suit in federal courts.

Plaintiff also argues that the Georgia Constitution contains a waiver of sovereign immunity applicable in this case. Plaintiff relies upon general language in paragraph IX(d) of the Georgia Constitution. <u>See</u> Ga. Const. of 1983 Art. I, §2, para. IX(d). However, Plaintiff overlooks the fact that, later in paragraph IX, the Georgia Constitution expressly provides: "No waiver of sovereign immunity under this Paragraph shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. of 1983 Art. I, §2, para. IX(f).

Thus, the State of Georgia has not waived its sovereign immunity from suit in federal court. Therefore, the district court properly dismissed both the §1983 claims and the state law claims against GBI on sovereign immunity grounds.

B.  <u>The District Court Properly Denied the Plaintiff's Motion to Amend</u>

We review the denial by the district court of a plaintiff's motion to amend his

5

complaint under an abuse of discretion standard.  Campbell v. Emory Clinic, 166 F.3d 1157, 1160-61 (11th Cir. 1999).  "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  U.S. v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

The applicable statute of limitations for a §1983 claim arising in Georgia is two years.  Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Plaintiff does not dispute that the statute of limitations had run when Plaintiff moved to amend his complaint.

Because Georgia law provides the applicable statute of limitations in this case, if a proposed amendment relates back under Georgia law, then "that amendment relates back under [Rule 15(c)(1)(A)] even if the amendment would not relate back under federal law rules."  Saxton v. ACF Indus., Inc., 254 F.3d 959, 963 (11th Cir. 2001).  Thus, we look to Georgia law to determine whether Plaintiff's amendment should relate back to the time of filing the original complaint, such that the statute of limitations bar is avoided.

Georgia's law governing relation back is very similar to Fed. R. Civ. P. 15(c)(1), which governs relation back under federal law.  Georgia's relation back rules are found in O.C.G.A. §9-11-15(c).  That section provides as follows:

**Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

O.C.G.A. §9-11-15(c).

With respect to Plaintiff's attempt to amend to state a §1983 claim based upon a Fourth Amendment violation against GBI, the claim would arise out of the same transaction as set forth in the original complaint. Thus, that claim against GBI would relate back so as to avoid any statute of limitations problem. However, the district court properly denied the motion to amend because this claim against GBI is barred by the Eleventh Amendment, just as were the original claims. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court need not allow an amendment where the amendment would be futile).

7

We next address whether Plaintiff's attempt to amend to add the two new parties can relate back so as to avoid the statute of limitations bar. We conclude that the district court correctly held that the attempted amendment to add the two new parties would not relate back. Therefore, the claims against the two new parties would be barred by the statute of limitations, and the district court properly held that the amendment was therefore futile.

As noted above, for an amendment seeking to add a new party, the plaintiff must show that, within the statute of limitations period, the new party had received such notice of the action that he will not be prejudiced, and that the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. O.C.G.A. §9-11-15(c). As the district court noted, Plaintiff has wholly failed to show that either new party received notice of the institution of this action such that he would not be prejudiced. Indeed, the proffered amended complaint does not even make such an allegation. Especially in light of the fact that the statute of limitations period expired only three days after the filing of the original complaint, we cannot conclude that the district court abused its discretion in holding that Plaintiff had failed to show that either new party possessed the required knowledge of the instant suit within the statute of limitations period. See Stephens v. McDonanld's

8

Corp., 536 S.E.2d 566, 568-69 (Ga. Ct. App. 2000) (holding that amendment adding new defendant did not relate back under O.C.G.A. §9-11-15(c) where there was no evidence that proposed defendant had received actual notice of plaintiff's original complaint prior to the expiration of the statute of limitations). Accordingly, the district court did not abuse its discretion in denying Plaintiff's motion to amend to add the new parties, as the claims against the new parties would have been barred by the statute of limitations, and thus the amendment was futile.

## II.  APPEAL NO. 10-15832: PLAINTIFF'S CLAIMS AGAINST PAULDING COUNTY AND THE PAULDING COUNTY SHERIFF'S DEPARTMENT

In this appeal, Plaintiff asserts the same §1983 claims and the same state law claims against Paulding County and the Paulding County Sheriff's Department.[3] Turning first to the district court's dismissal of the Paulding County Sheriff's Department, we affirm on the basis of Plaintiff's concession that "the Paulding County Sheriff's Department is not a legal entity subject to being sued." (Plaintiff's brief in No. 10-15832, at 19).  Accordingly, the district court properly

---

[3]    In his brief in this appeal challenging the district court's grant of judgment on the pleadings in favor of Paulding County and the Paulding County Sheriff's Department, Plaintiff does not argue that the district court erred in denying Plaintiff's motion to amend.  Therefore, any such argument is deemed abandoned.

dismissed Plaintiff's claims against the Paulding County Sheriff's Department.

We turn next to Plaintiff's claims against Paulding County. With respect to Plaintiff's §1983 claims, a county cannot be liable on the basis of respondeat superior. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Rather, a county can be liable only when the execution of a county policy or custom causes a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The district court held that Plaintiff's Complaint was "utterly devoid of any allegations indicating that a custom or policy of Defendant Paulding County caused Plaintiff's alleged injuries." (D. Ct. Order July 21, 2010, at 19). We agree. Although Plaintiff suggests in his brief that the Sheriff might be a policymaker for the County, Plaintiff's Complaint failed to name the Sheriff as a defendant. Thus, Plaintiff cannot rely on some act[4] of the Sheriff as constituting a county policy on the basis of which the County might be liable under §1983.[5] Accordingly, the district court did not err in dismissing Plaintiff's §1983 claims against Paulding

---

[4]    In addition, Plaintiff's Complaint fails to identify any improper act of the Sheriff, or any policy made by the Sheriff, which injured Plaintiff.

[5]    Thus, we need not in this case decide whether, with respect to any function relevant to this case, the Sheriff is a policymaker for the state or for the county, a matter which the divided en banc court left unresolved in Grech v. Clayton County, Georgia, 335 F.3d 1326 (11th Cir. 2003) (en banc). There, a majority of the judges of the court held only that, with respect to the particular function at issue in that case (a function different from any function relevant to the instant case), the Sheriff was acting for the state, and not for the county.

County.

Turning finally to Plaintiff's state law claims against Paulding County, we agree with the district court that Paulding County is protected from suit pursuant to the sovereign immunity provided by the Georgia Constitution. The sovereign immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties. Gilbert v. Richardson, 452 S.E.2d 476, 479 (Ga. 1994). This sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, §2, para. IX(e). The GTCA "expressly excludes counties from the ambit of [its] waiver," Gilbert, 452 S.E.2d at 479, because the Act's definition of "state" specifically excludes counties. O.C.G.A. §50-21-22(5). Plaintiff has failed to point to any other statute that waives Paulding County's immunity. Accordingly, the district court properly concluded that sovereign immunity bars Plaintiff's state law claims asserted against Defendant Paulding County, and the district court correctly dismissed these claims.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.