**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 2, 2015**

# In the Court of Appeals of Georgia

A14A2266. GEORGIA DEPARTMENT OF HUMAN SERVICES
   et al. v. DOUGHERTY COUNTY et al.

RAY, Judge.

Dougherty County, Georgia, and its sheriff, Kevin Sproul, (the "plaintiffs") filed a complaint in the Superior Court of Dougherty County against the Georgia Department of Human Services and the Division of Child Support Services (the "defendants") seeking to recover statutory service of process fees for civil actions that the defendants had initiated in that court. The defendants filed an answer by special appearance and simultaneously moved to dismiss the complaint on various grounds, including improper venue. The trial court denied the motion to dismiss and issued a certificate of immediate review. The defendants now appeal. For the reasons explained below, we reverse the trial court's ruling on the issue of venue, vacate the

remaining portions of the trial court's order, and remand the case with direction that the case be transferred to the Superior Court of Fulton County for further proceedings consistent with this opinion.

1. The defendants contend that the trial court erred in denying their motion to dismiss on the basis of improper venue. We agree.

In this case, the plaintiffs allege that the defendants have failed to comply with subsections (b) (1) and (g) of OCGA § 15-16-21, which requires the party who files a civil action to pay the sheriff of that county a fee for serving a copy of process. As the plaintiffs' claim is against governmental agencies of the State of Georgia and because the legislature has not carved out any venue exception for such a claim, we find that the proper venue in this case lies in the county where the defendants reside pursuant to Art. VI, Sec. II, Par. VI of the Georgia Constitution of 1983.

Although the defendants maintain offices throughout the State of Georgia, their principal offices are located in Fulton County. In making a determination of venue based solely on the "residence" of a governmental department or agency, where there is no applicable constitutional or statutory provision to establish venue elsewhere, we have held that "it can hardly be denied that Fulton County, the site of the State Capitol and seat of government as well as location of the principal offices of the

[defendants], is an appropriate venue." (Citation omitted.) *Hoffman v. Dept. of Corrections*, 218 Ga. App. 363, 363 (460 SE2d 882) (1995).

In its ruling on venue, the trial court relied, in part, on *State Highway Dept. v. Parker*, 75 Ga. App. 237 (43 SE2d 172) (1947), for the proposition that any division of state government that is present throughout the state "could be sued in any county of Georgia." Id. at 244. However, the trial court's reliance on *Parker* is misplaced. In that case, the issue was whether Parker could bring a cause of action directly against the State Highway Department for damages occurring on a highway, when a statute enacted in 1933 provided that the only way the Highway Department could become liable for a tort was if the county had been named as the defendant and the county brought the Highway Department into the case to defend the claim. Id. at 238-242. In *Parker*, we noted that a statute enacted in 1943 allowed the plaintiffs to sue the Highway Department directly for a tort and that such a claim could be brought in any county in Georgia wherein the tort cause of action arose.[1] Id. at 244-245. *Parker* is inapplicable here because the instant case does not involve a tort claim.[2]

---

[1] Prior to the 1943 statute, such claims could only be brought in the county of residence of a member of the State Highway Board. Id. at 244.

[2] Our legislature has since enacted OCGA § 50-21-28, which provides, in pertinent part, that "[a]ll tort actions against the [S]tate . . . shall be brought in the

3

For the above reasons, the trial court erred in finding that venue was proper in Dougherty County and in denying the defendants' motion to dismiss on that basis.

2. As venue did not lie in Dougherty County, the trial court did not have the authority to rule on the other grounds raised in the defendants' motion to dismiss. See *Koo Pil Chung v. Hair Trend USA, Inc.*, 322 Ga. App. 429, 432 (745 SE2d 681) (2013) ("A trial court without venue lacks authority to issue an order or judgment, and any such order or judgment is void") (citation omitted). Accord *Coastal Transport, Inc. v. Tillery*, 270 Ga. App. 135, 140 (3) (605 SE2d 865) (2004). Therefore, the remaining portions of the trial court's order are vacated.

In their brief on the motion to dismiss, the defendants specified that proper venue lies in Fulton County and they alternatively asked that the case be transferred there. When it is determined that venue is improper, the appropriate response to a motion to dismiss is to transfer the case to the proper venue. *Coastal Transport, Inc.*, supra. Accordingly, we remand the case to the trial court with direction that it transfer this case to the Superior Court of Fulton County to address the merits of the defendants' motion to dismiss.

---

state or superior court of the county wherein the loss occurred[.]"

4

3. Based on our holding in Divisions 1 and 2, we need not address the defendants' remaining enumerations of error.

*Judgment reversed in part and vacated in part, and case remanded with direction. Andrews, P. J., and McFadden, J., concur.*