# Court of Appeals
# of the State of Georgia

ATLANTA,   November 24, 2015

*The Court of Appeals hereby passes the following order:*

## A15A2374.  KING v. THE STATE.

On January 14, 2015, Michael King was charged, via accusation, with one count of using his property for the outside storage of waste material in violation of a Clayton County ordinance. Prior to trial, King moved to dismiss the accusation, arguing, *inter alia*, that several of the Clayton County ordinances relevant to his prosecution and OCGA § 17-7-71, which pertains to the form of the accusation, were unconstitutional. After conducting a hearing on the matter, the trial court issued an order specifically denying King's motion to dismiss "on all grounds." Subsequently, the case proceeded to trial, and at the trial's conclusion, the jury found King guilty of violating the ordinance. Following his conviction, King filed an appeal in this Court.

Nevertheless, because King again argues, *inter alia*, that §§ 62-201 (b) (2); 62-202 (a); and 62-202 (e) of the Code of Clayton County Ordinances and OCGA § 17-7-71 (a) are unconstitutional, the Supreme Court of Georgia has exclusive appellate jurisdiction of this matter. GA. CONST. art. IV, § VI, ¶ II (1) ("The Supreme Court shall be a court of review and shall exercise exclusive appellate jurisdiction in  . . . [a]ll cases involving the construction of a treaty or of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question . . . ."); *see also Wilbros, LLC v. State*, 294 Ga. 514, 515 (755 SE2d 145) (2014). Indeed, King challenged the constitutionality of the ordinances and statute in the trial court, and although the trial court did specify its reasons in its written order, it explicitly stated that King's motion was denied "on all grounds." Thus, the constitutional question was

properly raised and preserved in the trial court. *See Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008) ("A constitutional question raised and distinctly ruled upon in the trial court need not be reduced to a written order or other similar writing to invoke [the Supreme] Court's jurisdiction."). Furthermore, these constitutional issues have not been previously resolved by the Supreme Court. *See Doe v. Dep't of Corr.*, 224 Ga. App. 494, 495 (481 SE2d 837) (1997).

Accordingly, it is hereby ordered that this case be transferred to the Supreme Court of Georgia for resolution.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____ 11/24/2015 _____
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____ , *Clerk.*